# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**CARMEN LIDIA JORGE**, on her own behalf and behalf of the minor **EFJ**

 **Plaintiffs,**

 **v.**

**POLICE DEPARTMENT OF THE COMMONWEALTH OF PUERTO RICO**; **JOSE FIGUEROA SANCHA,** former Superintendent of the Police Department, in his individual capacity; **EMILIO DÍAZ COLÓN**, present Superintendent of the Police Department in his individual and official capacities**; LEOVIGILDO VÁZQUEZ, Auxiliary** Superintendent of Field Operations**,** in his individual capacity; **MIRANDA SOTO** is Police Director of the Carolina Region ("Comandante") in his individual and personal capacities; **LIEUTENANT CONCEPCION** in his individual and official capacities; **SERGEANT GALARZO** in his individual and official capacities; **JUAN CARLOS ORTIZ CRUZ** in his individual and official capacities; **IVAN LEBRON LEBRON** in his individual and official capacities; **MAYRA FIGUEROA DIAZ** in her individual and official capacities; **LUIS R. RIVERA**, in his individual and official capacities; **MIGUEL E. MARRERO MOYA** in his individual and official capacities; **POLICE OFFICERS JOHN ROE AND JANE DOE** are fictitious names for an individual or group of Puerto Rico Police Officers sued in their official and personal capacities; **THE MUNICIPALITY OF TRUJILLO ALTO**; **HONORABLE JOSE LUIS CRUZ CRUZ**, as the Mayor of the Municipality of Trujillo Alto in his individual and official capacities; **RADAMES BENITEZ** is the Police Commissioner for the Municipality of Trujillo Alto, in his individual and official capacities; **MUNICIPAL POLICE OFFICER MARIN**, in his individual and official capacities; **MUNICIPAL POLICE OFFICERS**

**CIVIL CASE NO. 11-2268**

**VIOLATION OF CIVIL RIGHTS**

**TRIAL BY JURY DEMANDED**

**FRANK MOE AND ALICE NOE,**  are fictitious
name for an individual or group of Municipal Police
Officers,

**Defendants**

## COMPLAINT

**COME NOW** the plaintiffs through the undersigned attorneys, and respectfully

state, allege and pray as follows:

### JURISDICTIONAL STATEMENT

This action is a civil rights action brought by the plaintiffs against the defendants,

members of the Police Department of Puerto Rico and the Municipality of Trujillo Alto

and its police officers,  alleging that on December 31, 2010, they intentionally engaged in

excessive use of force, failure to intervene to protect the infringement of a citizen's

constitutional rights, inadequate recruitment, training and supervision and interference

with rights to freedom of association and expression in violation of the Fourth, Fifth and

Fourteenth Amendments to the United States Constitution and the laws and Constitution

of Puerto Rico. Plaintiffs pray for equitable relief enjoining the defendants in their

official capacities from breaching the Constitutional mandates in the areas here

identified; ordering the adoption and implementation of constitutional protocols and

regulations with respect to recruitment, training, supervision, use of force, duty to

intervene, seizures, detentions and protection of constitutional rights; and legal relief in

the form of compensatory and punitive damages, pursuant to the Civil Rights Act of

1871, 42 U.S.C. § 1983, and attorney fees pursuant to 42 USC §1988. Plaintiffs also seek

declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C.§ 2201-2202 and

the Ex Parte Young doctrine. As this is a civil action brought pursuant to the laws and Constitution of the United States, this Court has jurisdiction pursuant to the federal question statute, 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over all claims arising under of the laws and Constitution of Puerto Rico pursuant to the supplemental jurisdiction statute,  28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391 (b).

## THE PARTIES

1.    A Plaintiff in this case is Carmen Lidia Jorge, she is a resident of San Juan Puerto Rico and is the legal guardian of the Minor EFJ.

2.    Minor EFJ is a minor whose legal guardian is Carmen Lidia Jorge with whom he resides with in San Juan Puerto Rico.

3.    Defendant the Puerto Rico Police Department (hereinafter "PRPD") is a state governmental agency that is sued for injunctive relief.

4.    Defendant Jose Figueroa Sancha (Figueroa-Sancha) was the Superintendent of the Police Department and, pursuant to law, defendant Figueroa-Sancha was responsible for ensuring the constitutionality of the Department's policies, practices and regulations with respect to recruitment, training, supervision, use of force, duty to intervene, seizures, detentions and protection of constitutional rights. He is sued in his individual and official capacities for declaratory, injunctive and monetary relief.

5.    Defendant Emilio Díaz Colón (Diaz-Colon) is at present Superintendent of the Police Department and, pursuant to law, defendant Díaz-Colon is responsible for ensuring the constitutionality of the Department's policies, practices and regulations with

respect to recruitment, training, supervision, use of force, duty to intervene, seizures, detentions and protection of constitutional rights. He is sued in his individual and official capacities for declaratory, injunctive and monetary relief.

6.    The defendant Leovigildo Vázquez is and was at all relevant times the Auxiliary Superintendent for Field Operations of the Police Department. As such, he is in charge of every activity in the Puerto Rico Police Department that is related to the protection of life and property, maintenance of law and order, the protection of civil rights and crime prevention. He is sued in his individual and official capacities for declaratory, injunctive and monetary relief.

7.    The defendant Miranda Soto is and was at all relevant times, Police Director of the Carolina Region ("Comandante"). He was at all relevant times responsible of administrating, supervising and directing the Police Department in said Region.  He was in charge of screening the training and activities of the officers who intervened with the plaintiff and was directing or supervising an operation on the area in the night in question.  He is sued in his individual and official capacities for declaratory, injunctive and monetary relief.

8.    Defendant Lieutenant Concepcion is the lieutenant on duty for the Puerto Rico Police Department at the time of the intervention with the plaintiff.  He is sued in his individual and official capacities for declaratory, injunctive and monetary relief.

9.    Defendant Sergeant Galarzo is the sergeant on duty for the Puerto Rico Police Department at the time of the intervention with the plaintiff. He is sued in his individual and official capacities for declaratory, injunctive and monetary relief.

10.   Defendant Juan Carlos Ortiz Cruz is a policeman of the Puerto Rico Police Department. He is sued in his individual and official capacities for declaratory, injunctive and monetary relief.

11.   Defendant Ivan Lebron Lebron is a policeman of the Puerto Rico Police Department. He is sued in his individual and official capacities for declaratory, injunctive and monetary relief.

12.   Defendant Mayra Figueroa Diaz is a policeman of the Puerto Rico Police Department.  She is sued in her individual and official capacities for declaratory, injunctive and monetary relief.

13.   Defendant Luis R. Rivera, is a policeman of the Puerto Rico Police Department.  He is sued in his individual and official capacities for declaratory, injunctive and monetary relief.

14.   Defendant Miguel E. Marrero Moya is a policeman of the Puerto Rico Police Department.  He is sued in his individual and official capacities for declaratory, injunctive and monetary relief.

15.   Defendants Police Officers John Roe and Jane Doe are unknown police officers of various ranks that were involved in the intervention with the plaintiff that violated plaintiff's constitutional rights.

16.   Defendant Municipality of Trujillo Alto is a duly constituted governmental entity with the authority to be sued. The Municipality is at present, or has been at times relevant, the employer of the Municipal Police Officers who intervened with the Plaintiff EFJ.  It is sued for both injunctive and monetary relief.

17.     Defendant Jose Luis Cruz Cruz, is the Mayor of the Municipality of Trujillo Alto.    He is sued in his individual and official capacities for declaratory, injunctive and monetary relief.

18.     Defendant Radames Benitez is the Police Commissioner for the Municipality of Trujillo Alto and was so appointed by co-defendant Jose Luis Cruz Cruz with the approval of the Municipal Assembly.    He is sued in his individual and official capacities for declaratory, injunctive and monetary relief.

19.     Defendant Municipal Police Officer Marin, is a policeman in the Municipality of Trujillo Alto.

20.     Defendants Municipal Frank Moe and Alice Noe are unknown municipal police officers of various ranks that were involved in the intervention with the plaintiff that violated plaintiff's constitutional rights.

## STATEMENT OF THE FACTS

21.     Carmen Lidia Jorge is the legal guardian of the minor EFJ.

22.     On December 31, 2010, EFG was in an automobile with two other individuals that stopped at the recycle center in Trujillo Alto.

23.     EFJ was unaware of the intent of the two other individuals, who exited the vehicle and then suddenly rushed back to the same.

24.     The car left the scene being pursued by two police offices of the PRPD, whom where unknown to the plaintiffs at the time, but were later identified to them as defendants Police Officers Mayra Figueroa Diaz and Police Officer Luis R. Rivera.

25.    They gave chase to the automobile with the plaintiff, along with defendant Miguel E, Marrero Moya a police officer from the PRPD.

26.    The automobile were EFJ was in, drove to a nearby housing development Los Claveles.  After fifteen (15) minutes and there being no further pursuit by the police, they exited the development in the automobile.

27.    The automobile is then pursued by a Municipal Police car.

28.    In the Municipal Police Car is defendant Marin and Municipal police Officers Frank Moe and Alice Noe, and then they are subsequently joined by police officers from the PRPD.

29.    Officers discharged their firearms at the vehicle with EFJ.

30.    EFJ, fearing the police, fled the car into the nearby brush.

31.    Several officers arrived, including defendants Ivan Lebron Lebron and Juan Carlos Ortiz, both police officers of the PRPD.

32.    Also present was defendant Sergeant Galarza of the PRPD, PRPD Police Officers John Roe and Jane Doe.

33.    The Municipal Police was also present including defendant Municipal Police Officer Marin and Municipal Officers Frank Moe and Alice Noe.

34.    The police officers immediately detained one of the two individuals with EFJ, and realized that there was no threat to any officer.

35.    Defendants, including PRPD Police Officer and Municipal Police Officers, began shooting at EFJ despite the fact that EFJ posed no threat to them or was not

brandishing any firearm.  No attempts were made to detain EFJ except with the use of deadly force.

36.    Sargrant Galarza acquiesced to the firearms discharge or at the very best was deliberately indifferent to his fellow officers actions, knowing that EFJ was unarmed and no police officer was endanger.

37.    At least one officer admitted to have discharged his firearm at EFJ that was defendant Juan Carlos Ortiz Cruz.

38.    Defendant Ortiz-Cruz caused serious bodily harm for a variety of reasons. He was unfit police officer that was allowed to remain on the force because of the faulty recruitment, supervision and training policies.  He intended to do serious bodily harm and did not care for the Constitutional rights of the plaintiffs.

39.    Other defendants also discharged their firearms at the defendant but none have admitted nor has the supervising officers attempted to ascertain whom.

40.    The defendants knowing that their discharge of their respective firearm was illegal.  As such, wish and have covered up one another's actions.

41.    EFJ was shot twice in the back.

42.    He was bleeding, screaming in pain and praying for assistance.

43.    Defendants on site, walked over and notice EFJ bleeding and in clear and obvious pain.  They proceeded to drag EFj down and through the brush and then threw him into a Municipal Pick up truck.  No officer administered any first aide assistance or bother to call emergency services.

44.     Defendant Municipal Police Officer Marin, fell and dislocated his arm prior to ECF being shot but he was placed in a police car and taken for emergency medical services in stark contrast to EFJ..

45.     While EFJ was in the pick up truck bleeding and in pain he eventually loss consciousness.

46.     He was taken in the Municipal pick up truck to Auxilio Mutuo Expreso Hospital, where he was treated for the gun shots, but they were unable to remove one bullet that remains lodged in his body possibly for the rest of his life.

47.     As a result of the gun shot EFJ has lost the ability to walk and is paralyzed for the rest of his life.

48.     Plaintiff Carmen Lidia Jorge, was never contacted by either the PRPD or the Municipality, but was made aware through a friend that worked in the hospital.

49.     When she arrived she suffered emotional and mental anguish at the plight that EFJ had been subjected to.

50.     The defendants on scene saw what had happened to EFJ and knowing that they had a duty to intervene did nothing.  No intervention was permitted or sought short of deadly force that was used on EFJ and he was victimized by the shooting.  Afterwards EFJ was allowed to suffer in pain, dragged and thrown into a pick up rather then secure emergency medical services.

51.     Defendants could have intervened with the offending officers or at a minimum sought emergency medical services but because of the flawed recruitment, training, and supervision, they allowed EFJ to suffer.

52.    In authorizing the use of excessive force by certain police officers the Defendant Sancha Figueroa, Police Superintendent Diaz Gonzalez, Associate Superintendent Rosa Carrasquillo, and Auxiliary Superintendent Vázquez, among others yet to be identified, engaged in inadequate recruitment, training and supervision of the police force.

53.    Indeed in furtherance of this, no investigation or evaluation of the police officers involved was performed.

54.    All the defendants acted in deliberate and reckless disregard of the Plaintiffs constitutional rights, for which reason he is entitled to punitive damages.

55.    The past Superintendent of the Police Figueroa Sancha had in place policies, practices and regulations that he knew or should have known were unconstitutional with respect to recruitment, training, supervision, use of force, duty to intervene, seizures, detentions and protection of constitutional rights that were violated in this particular case. These policies, practices and regulations are detailed in the Investigative Report of the United States Department of justice of September 5, 2011, which this Complaint incorporates by reference.

56.    The present Superintendent of the Police Diaz Gonzalez continues in place with the same policies, practices and regulations that he knows or should know are unconstitutional with respect to recruitment, training, supervision, use of force, duty to intervene, seizures, detentions and protection of constitutional rights that were violated in this particular case.    These policies, practices and regulations are detailed in the

Investigative Report of the United States Department of justice of September 5, 2011, which this Complaint incorporates by reference.

57.    The Municipality of Trujillo Alto, the Mayor Jose Luis Cruz Cruz and the Police Commissioner for the Municipality Radames Benitez in authorizing the use of excessive force by Municipal Police Officers they, among others yet to be identified, engaged in inadequate recruitment, training and supervision of the municipal police force.

58.    The Municipality of Trujillo Alto, the Mayor and the Police Commissioner were aware of the findings of the Investigative Report of the United States Department of Justice of September 5, 2011, and ignored the same when it came to working in collaboration with the PRPD that eventually lead to the unconstitutional acts committed on EFJ and the damages caused by those acts.

### FIRST CAUSE OF ACTION

59.    The use of force by the defendants was excessive, and caused by the defendants own actions and the existence of policies, practices and regulations that Defendants know or should know are unconstitutional with respect to recruitment, training, supervision, use of force, duty to intervene, seizures, detentions and protection of constitutional rights that were violated in this particular case are a violation of EFJ's rights under the Fourth Amendment of the United States Constitution.

60.    In addition, defendants failed to intervene in the absence of the clear expectation that excessive force was used on EFJ, absence of adequate training and supervision was grossly unreasonable under the circumstances and violated EFJ's right

guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

## SECOND CAUSE OF ACTION

61.    The excessive use of force against EFJ and the failure to intervene to protect his constitutional rights deprived Plaintiff of his liberty in clear violation of his due process rights under the Fourth, Fifth and Fourteenth Amendment.

## THIRD CAUSE OF ACTION:

## LAWS AND CONSTITUTION OF PUERTO RICO

62.    The acts and omissions of the defendants breached Article 1802 and Article 1803 of the Civil Code of Puerto Rico. Pursuant to the law of Puerto Rico, the acts and omissions of the defendants described herein constitute wrongful detention, excessive use of force, and violation of due process, all in violation of Article II of the Constitution of Puerto Rico and 1 LPRA Sections 10 and 11 .    As such the plaintiffs are entitled to monetary and equitable remedies.

## JURY DEMAND

Trial by Jury is requested in all causes of action.

## PRAYER FOR RELIEF

As a consequence of the causes of actions raised hereby, the defendants are liable to the plaintiffs for the damages inflicted upon them.  Plaintiffs sue for relief as set forth below:

1.    Find that the defendants have violated plaintiff's rights and enter

declaratory judgment accordingly

2.      Grant preliminary and permanent injunction prohibiting, restraining and enjoining, the defendants, agents or anyone acting in concert with them or pursuant to their orders, or their successors in any representative capacity, from violating any Constitutional and statutory rights of the plaintiff;

3.      Grant preliminary and permanent injunction ordering the adoption and implementation of policies, practices and regulations that comply with constitutional standards with respect to recruitment, training, supervision, use of force, duty to intervene, seizures, detentions and protection of constitutional rights that were violated in this particular case.

4.      Award damages for Plaintiff EFJ in the sum of $5,000,000.

5.      Award damages for Carmen Lidia Jorge in the sum of $1,000,000.00

6.      Award Punitive Damages in the sum of $500,000.00.

7.      Costs and attorneys fees pursuant to § 1988.

8.      All other relief to which they may be entitled or may be deemed just and proper.

**RESPECTFULLY SUBMITTED.**

In Guaynabo, Puerto Rico, this December 30, 2011.

**Counsel for Plaintiffs:**                       **Of Counsel:**

**LANDRÓN & VERA, LLP**                  s/ Daniel Villarini Baquero
Centro Internacional de Mercadeo         **DANIEL VILLARINI BAQUERO**
100 Carr 165, Torre I, Ste 203                USDC-PR 228604
Guaynabo, P.R. 00968-8048                  PMB 259
Tel. (787) 774-5959                               220 Plz. Western Auto Ste. 101
FAX (787) 774-8181                              Trujillo Alto, Puerto Rico 00976
                                                           Tel. (787) 630-2552 / Fax (787) 293-1109

S/ Eileen Landrón Guardiola

**EILEEN LANDRON GUARDIOLA**   dvillarini@yahoo.com
SDC-PR-203006
Email: elandron@landronvera.com

S/ Eduardo Vera Ramírez
**EDUARDO VERA RAMIREZ**
USDC-PR-209713
Erial: evera@landronvera.com

S/Luis A. Rodríguez Muñoz
**LUIS A. RODRIGUEZ MUNOZ**
USDC-PR 214511
Email: lrodriguez@landronvera.com