IN THE UNITED STATES DISTRCT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARMEN LIDIA JORGE, ON HER OWN BEHALF AND ON BEHALF OF THE MINOR EFJ<br>PLAINTIFFS<br><br>VS.<br><br>POLICE DEPARTMENT OF THE COMMONWEALTH OF PUERTO RICO, ET ALS<br>DEFENDANTS | CIVIL NO. 11-2268(JAG) |

**MOTION TO DISMISS COMPLAINT AGAINST CO-DEFENDANT MUNICIPALITY OF TRUJILLO ALTO PURSUANT TO FED. R. CIV. P. 12 (b)(6)**

**TO THE HONORABLE COURT:**

   **COMES NOW**, co-defendant, Municipality of Trujillo Alto, through the undersigned attorneys and respectfully state and pray as follows:

   1.  As per the allegations in the complaint, this is an action for money damages for the alleged violation by defendants, members of the Police Department of Puerto Rico and the Municipality of Trujillo Alto, of the constitutional rights of plaintiff EFJ (hereinafter "plaintiff") under the Constitution and Laws of the United States pursuant to 42 U.S.C. § 1983 and 1988, in particular, use of excessive force, failure to intervene to protect the infringement of a citizen's constitutional rights, inadequate recruitment, training and

1

supervision and interference with rights to freedom of association and expression in violation of the Fourth Fifth and Fourteenth Amendments to the United States Constitution and the laws and Constitution of the Commonwealth of Puerto Rico. Plaintiffs also seek declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C., sections 2201 – 2202 and Ex Parte Young doctrine. As a civil action brought pursuant to the laws and Constitution of the United States, plaintiffs claim federal question jurisdiction pursuant to 28 U.S.C., section 1331. Plaintiff further invokes the supplemental jurisdiction of this Honorable Court to hear and decide claims arising under the laws of Puerto Rico.

**II. Synopsis of the allegations**

1.   It is alleged that on December 31, 2011 defendants, members of the Police Department of the Commonwealth of Puerto Rico and the Municipality of Trujillo Alto and its police officers intentionally engaged in the use of excessive force, through the discharging of firearms which resulted in the shooting of plaintiff (a minor EFG).

2.   The minor accompanied two other individuals in an automobile that stopped at a recycle center in Trujillo Alto *(pleading 22 of the complaint)*.[1]

---

[1] The complaint does not specify why these individuals stopped at the recycle center.

3.   The two individuals who exited the automobile suddenly rushed back to the same and left. *(pleading 23 of the complaint)*

4.   The car was being pursued by two PRPD police officers. *(pleading 24 of the complaint)*

5.   The automobile being pursued drove to a nearby housing development, Los Claveles. After there being no further pursuit by police officers, the automobile where EFJ was exited the development. (*pleading 26 of the complaint)*

6.   The automobile was then pursued by a Municipal Police car. *(pleading 27 of the complaint)*

7.   In the Municipal Police car was defendant, Officer Marin and other officers and they were subsequently joined by PRPD police officers. *(pleading 28 of the complaint)*

8.   Police officers immediately detained one of the two individuals with EFJ. *(pleading 34 of the complaint)*

9.   Defendants, including PRPD Police officers and Municipal Police officers began shooting at EFJ ... *(pleading 35 of the complaint)*[2]

10.  EFJ was shot twice in the back. *(pleading 41 of the complaint)*

---

[2] The compliant does not specify which individual police officers began shooting.

11. The police officers included in the complaint involving firearm discharge were PRPD Police officers. *(pleading 36 and 37 of the complaint)*

12. EFJ was placed in a Municipal pickup truck and taken to Auxilio Mutuo Expreso Hospital, where he was treated for gunshots. *(pleading 43 and 46 of the complaint)*

13. Prior to EFJ being shot, Municipal Police officer Marin fell and dislocated his arm and was transported for emergency medical services. *(pleading 44 of the complaint)*

14. As the complaint stands in regard to the Municipality of Trujillo Alto, the action is brought against the municipality, its Mayor, Jose Luis Cruz Cruz, its Police Commissioner, Radames Benitez and Municipal Police Officer, Marin.

### II. Applicable Standard of Review under Rule 12 (b)(6)

2. Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may file a motion to dismiss for failure to state a claim upon which relief may be granted. The purpose of the rule is to permit trial courts to terminate lawsuits that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activities. ***Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems, Inc., 988 F 2d 1157 (Fed. Cir 1993) ; Port Authority of N.Y. & N.J. v. Arcadian Corp., 189 F 3d 305 (3rd***

***Cir. 1999)***("Rule is designed to screen out cases where no remedy exists for the wrong alleged or where no relief could be possibly granted")

3. Pursuant to the aforementioned rule, a more stringent notice- pleading standard for complaints was adopted for complaints to survive motions to dismiss for failure to state a claim upon which relief may be granted. ***See Bell Atlantic Corp. v. Twombly, 550 U.S. 544,561 (2007)***

4. The Supreme Court specifically stated that the plaintiff is required to provide more than ***"labels and conclusions, and a formulaic recitation of the elements of the cause of action..."***

5. The plaintiff must provide "enough facts to state a claim to relief that is plausible on its face". ***Twombly***

6. ***Twombly*** requires that the facts asserted in support of the claim need to cross the line "from ***conceivable to plausible...***

7. In ***Ashcroft v. Iqbal, 129 S. Ct 1937 (2009),*** the Supreme Court reaffirmed and extended *Twombly*, clarifying that *Twombly's* more stringent standard applies to all civil actions and explained that a complaint has "facial plausibility" when it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, ***Ashcroft at 1949, 1953***.

8. The Court noted that the plausibility requirement was not akin to a probability requirement, but requires "more than sheer possibility that the defendant is liable. *Ashcroft at 1949*

9. In other words, in order to survive a motion to dismiss, a complaint must plead facts that are *more consistent with the asserted liability*, and show that the pleader is *entitled to relief*. *Ashcroft at 1050*

10. Even though the court must draw inferences in favor of the non-moving party, the complaint "must nonetheless contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *(SEC v. Tambone, 597 F 3d 436, 442 (1st Cir. 2010)*

11. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Maldonado v. Fontanes, 568 F. 3d 263, 268 (1st Cir. 2009) quoting Igbal.*

12. A dismissal must also be granted if the court finds that the allegations are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture ... *Tambone at 442 quoting Twombly.*

**III. Argument**

**Plaintiff fails to state a claim upon which relief may be granted as to the Municipality of Trujillo Alto, its officials and employees**

6

Plaintiffs do not present any set of plausible set of facts to establish liability on the part of co-defendant, the Municipality of Trujillo Alto or its officials, those being the Mayor, the Commissioner of the Municipal Police, its police officers or employees that state a claim upon which relief may be granted. The only Municipal Police officer mentioned in the complaint, Officer Marin, as alleged by plaintiffs fell and dislocated his arm and was transported for emergency medical services prior to the incident where EFJ was shot. No other municipal police officers were identified by the plaintiffs, other than general conclusory assertions.

The transporting of plaintiff EFJ in a municipal vehicle to the emergency room does not constitute an act of excessive force nor a violation of his constitutional or civil rights.

The allegations made by plaintiffs in the complaint focus on two (2) PRPD Police officers in relation to the discharge of firearms. *(See pleadings 36 and 37 of the complaint)* All other assertions as to any other police officers, in particular, municipal police officers is conclusory. **_Maldonado v. Fontanes_**

As to the municipal police officer specifically mentioned in the complaint, the allegation made by the plaintiffs places him outside of the alleged incident, Officer Marin having been transported prior to the shooting. *(See pleading 44 of the complaint)* Plaintiffs' allegations thus specifically exclude

7

Trujillo Alto municipal police officer from liability and warrant dismissal on the pleadings. Plaintiffs thus fail to state a claim upon which relief can be granted against the municipal police officer mentioned in the complaint and cannot survive a motion to dismiss as to this municipal official. ***Ashcroft at 1050***

Upon examining the facts alleged and the aforementioned participations of municipal police and employees, a reasonable inference cannot be drawn to conclude that the defendants are liable for the misconduct alleged viewing all inferences in favor of the non-moving party. ***Tambone at 436, 442***. As to the Mayor of the Municipality of Trujillo Alto, Jose Luis Cruz Cruz and its Police Commissioner, Radames Benitez, no reasonable inferences can be drawn that they may be liable for the misconduct alleged due to the lack of supervision or training based on the allegations presented.

In summary, plaintiffs fail to allege sufficient plausible facts to state a claim upon which relief may be granted against co-defendant, the Municipality of Trujillo Alto, its officials, police officers and employees.

**WHEREFORE**, co-defendant, Municipality of Trujillo Alto moves for the dismissal of the complaint filed against them, their officials, police officers and employees for failure to state a claim upon which relief may be granted.

In San Juan, Puerto Rico, on May 18, 2012.

**ROBERT MILLAN, ESQ.**
**USDCPR 202406**
**CALLE SAN JOSE #250**
**SAN JUAN, PR 00901**
**TEL: (787) 725-0946**
**FAX: (787) 725-0946**
*rmi3183180@aol.com*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY:** that on May 18, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/EFC system, which will send notification of said filing to: *Eileen Landrón Guardiola, Esq., Landrón y Vera.*

**S/ROBERT MILLAN**