IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **CARMEN LIDIA JORGE, ET AL.,**<br>    **Plaintiffs**<br><br>    v.<br><br>**POLICE DEPARTMENT OF THE COMMONWEALTH OF PUERTO RICO, ET AL.,**<br>    **Defendants** | **Civil No. 11-2268 (JAG)** |

**MOTION TO DISMISS UNDER FED.R.CIV.P. 12(b)(6)
AND/OR BECAUSE DEFENDANT IS SHIELDED BY QUALIFIED IMMUNITY AND MOTION FOR JOINDER**

**TO THE HONORABLE COURT:**

**COMES NOW** co-defendant Mayra Figueroa-Díaz (hereinafter referred to as the "Appearing Defendant" or as "Figueroa-Díaz"), in a special appearance without submitting to the jurisdiction of the Court, and very respectfully **STATES and PRAYS** as follows:

Through the instant Motion, the Appearing Defendant asks the Court to dismiss all claims brought against her by the plaintiffs. Figueroa-Díaz joins *all* arguments expounded by co-defendants Puerto Rico Police Department ("PRPD"), Emilio Díaz-Colón ("Díaz-Colón"), José Figueroa-Sancha ("Figueroa-Sancha"), and Leovigildo Vázquez ("Vázquez") in their Motion to Dismiss (Docket No. 43), and all related filings which were incorporated therein by way of reference.

   a. **The Complaint fails to plead the personal involvement of Figueroa-Díaz as required under §1983.**

Because the aforementioned Motion to Dismiss (Docket No. 43) presented a specific analysis as to the pleadings concerning each one of the defendants appearing therein, in the instant Motion the Appearing Defendant analyzes the pleadings that are relevant to her. Because the entirety of the arguments expounded in the Motion to Dismiss at Docket No. 43 apply with full force to the Appearing Defendant, with the exception of the particular portions of Section III(i) of such Motion to Dismiss which

discuss the particularities of the standard for imposition of supervisory liability on supervisory defendants, this section of the instant Motion should be considered as inserted to Section III(i) of the Motion to Dismiss at Docket No. 43, pages 14-20, whereat the defendants analyzed the pleadings related to each one of them. That being said, an analysis of the pleadings related to the Appearing Defendant follows.

As with the rest of the codefendants, regarding Figueroa-Díaz, "[t]he Complaint fails the plausibility test spectacularly". <u>Redondo Waste Systems v. Lopez-Freytes</u>, 2011 U.S.App. LEXIS 20984, *7 (1st Cir., October 18, 2011). The Complaint fails to "[a]llege facts linking [] [appearing] defendant[] to the grounds on which that particular defendant is potentially liable." <u>Redondo v. Freytes</u>, supra, at *6-*7.

The Complaint includes numerous defendants and only two of its paragraphs mention the Appearing Defendant by name. These are ¶¶'s 12 and 24, none of which pleads the violation of constitutional rights by Figueroa-Díaz.

¶ 12 simply describes codefendant Figueroa-Díaz as a party to the Complaint and as a policeman of the Puerto Rico Police Department and states that she is being sued in her individual and official capacities. ¶ 24 of the Complaint merely has the Appearing Defendant pursuing the car in which plaintiff EFJ was travelling. Such pursuit, as per the actually allegations of the Complaint, admittedly came to an end at some point without any further participation (¶ 26 of the Complaint) on Figueroa-Díaz's part. No other actions on the part of Figueroa-Diaz are alleged anywhere in the Complaint. There is no illegal action asserted on codefendant Figueroa-Díaz's part with regards to the plaintiffs. The Complaint is wholly devoid of factual matter establishing that the Appearing Defendant personally violated the constitutional rights of either of the two plaintiffs, as is required under §1983 in order to impose liability on a particular defendant.

**b. Any Fourth Amendment Claims against codefendant Figueroa-Díaz must be dismissed.**

This section of the instant Motion should be considered as incorporated to Section III(B) of the

Motion to Dismiss at Docket No. 43, pages 20 thru 21, denominated "Any Fourth Amendment Claims cannot survive as matter of law.".

With regards to the Fourth Amendment claim, based on the discussion contained in the Motion to Dismiss at Docket No. 43, plaintiffs have failed to plead that the Appearing Defendant violated their constitutional rights under the Fourth Amendment. Nowhere in the Complaint is it alleged that codefendant Figueroa-Díaz used excessive force, searched or seized either of the two plaintiffs. Given that the Complaint fails to plead these threshold elements of a Fourth Amendment Claim, any such claim against the Appearing Defendant must be dismissed with prejudice.

### c. Fourteenth and Fifth Amendment Claims must be dismissed.

The Appearing Defendant prays for the dismissal of the Fourteenth and Fifth Amendment Claims for the same reasons set forth in Section III(C) of the Motion to Dismiss at Docket No. 43, at page 21, denominated "Fourteenth and Fifth Amendment Claims must be dismissed", which incorporates by reference the arguments in Sections C and D of the other Motion to Dismiss at Docket No. 32, pages 12 thru 15.

### d. The claims brought by Carmen Lidia Jorge against codefendant Figueroa-Díaz under §1983 must be dismissed for lack of standing.

The Appearing Defendant prays for the dismissal of all claims brought by plaintiff Carmen Lidia Jorge on her own behalf for the reasons set forth in Section III(D) of the Motion to Dismiss at Docket No. 43, at page 21, denominated "Plaintiff Carmen Lidia Jorge lacks standing to assert 42 U.S.C. §1983 Claims". Accordingly, this Section of the instant Motion should be considered as inserted in the Section of the aforementioned Motion at Docket No. 43.

### e. Qualified Immunity.

This Section of the instant Motion should be considered as inserted to Section III(E) of the Motion

3

to Dismiss at Docket No. 43, at pages 21 thru 23, also denominated "Qualified Immunity".

Plaintiffs failed to plead the violation of a constitutional right by the Appearing Defendant and therefore, he is entitled to qualified immunity under the first prong of the qualified immunity analysis as to any and all claims brought against her.

Allegations claiming that "defendants", in plural, failed to intervene also warrant dismissal. As established in the Motion to Dismiss at Docket No. 43, pages 14 thru 15, such paragraphs should not be credited as true inasmuch as where the Complaint's narration of facts rely on "the generic defendants", the allegations "provide no foundation of concrete facts to that would link each defendant to any alleged violations", as is required by Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). See Redondo Waste Systems v. Rua, 2010 U.S. Dist. LEXIS 35526 at pp.*15-*17 (D.P.R. March 31, 2010). None of the failure to intervene allegations mention codefendant Figueroa-Díaz by name, nor allege that she had a reasonable opportunity to intervene and failed to do so. Thus, the Complaint does not meet the plausibility standard required by Ashcroft in order to plead such a claim against the Appearing Defendant. As previously established, due to the failure to plead the violation of a constitutional right by Appearing Defendant, qualified immunity is warranted under the first prong of the qualified immunity analysis. Furthermore, even if the Complaint would have pled a plausible failure to intervene claim, *which it does not,*[1] then it could be argued that the Appearing Defendant would be entitled to qualified immunity under the second prong of the qualified analysis, because after Ashcroft v. Iqbal, supra, the law cannot be said to have been clearly established with regards to failure to intervene claims.

As argued in extenso in the Motion to Dismiss at Docket No. 43, after Ashcroft, supra, an officer is "only liable for his or her own misconduct" and not on an individual's omissions, inactions and/or failures to

---

[1] This argument is made only in the alternative and without waiving the argument to the effect that the Complaint does not plead a "failure to intervene" claim against the Appearing Defendant.

4

act. Id. at 1948-49. The U.S. Supreme Court in Ashcroft recognized that because vicarious liability is inapplicable to Bivens and to §1983 suits, "a plaintiff must plead that each Government-official defendant, **through the official's own individual actions**, has violated the Constitution." Ashcroft, 129 S.Ct. at 1948-1949 (emphasis added); and Maldonado, 568 F.3d at 263, 274, n.7 (1st Cir. 2009).[2]  More than mere knowledge or observation of a constitutional violation is now necessary in order to be liable under section 1983. Id. If the Court were to find that the failure to intervene claims were not overruled by Ashcroft, supra, which we sustain they were under this analysis as was discussed in extenso in the Motion to Dismiss at Docket No. 43, the law cannot be said to have been clearly established at the relevant time and thus, until the First Circuit clarifies this issue, qualified immunity under the second prong of the qualified analysis would also be warranted. A defendant would not know whether he/she would be held liable only for his/her own individual actions as Ashcroft states, or whether he/she could be held liable as well for his/her omissions, inactions and/or failures to act. However, this Court need not engage in this analysis in this instance because plaintiffs did not plead a failure to intervene claim against the Appearing Defendant.

For the reasons briefed herein and in the Motion to Dismiss at Docket No. 43, which the Appearing Defendant joins and adopts as was stated above, any and all claims against her must be dismissed with prejudice.

**WHEREFORE**, for the reasons briefed above and in the Motion to Dismiss at Docket No. 43, which

---

[2] Accord, Nails v. Bureau of Prisons, 2009 U.S. App. LEXIS 28612 at p.*5 (11th Cir. Dec. 29, 2009); Rose v. Scott, 2009 U.S. App. LEXIS 25608 at pp. *4-*5 (9th Cir. Nov. 23, 2009); Nelson v. Corr. Med. Serv., 583 F.3d 522, 534-535 (8th Cir. 2009); Gonzalez v. City of Elgin, 578 F.3d 526, 536 (7th Cir. 2009); Bayer v. Monroe County Child. & Youth Serv., 577 F.3d 186, 191 (3rd Cir. 2009); Atherton v. D.C. Office of the Mayor, 567 F.3d 672, 681 (D.C. Cir. 2009); London v. Maier, 2010 U.S. Dist. LEXIS 34436 at pp.*4-*6 (D.S.C. April 7, 2010); Pender v. Cty. of Cumberland, 2010 U.S. Dist. LEXIS 32250 at pp. *9-*11  (D.N.J. April 1, 2010); Hall v. Buss, 2010 U.S. Dist. LEXIS 32983 at pp.*2-*3 (S.D.Ind. March 31, 2010); Johnson v. Williams, 699 F.Supp.2d 159, 170 (D.D.C. 2010); López-Jiménez v. Pereira, 2010 U.S. Dist. LEXIS 9178 at pp. *10-*11 (D.P.R. Feb. 3, 2010); and Bellamy v. Mount Vernon Hospital, 2009 U.S. Dist. LEXIS 54141 at pp. *20-*21, *27-*29  (S.D.N.Y. June 26, 2009), affirmed, 2010 U.S. App. 14981 (2nd Cir. July 21, 2010).

codefendant Figueroa-Díaz joins and adopts without the need for repetition, any and all claims against her must be dismissed with prejudice. For the same reason, codefendant Figueroa-Díaz also prays that she be found shielded against the imposition of monetary damages by the cloak of qualified immunity.

**I HEREBY CERTIFY** that on this same date, the foregoing was filed electronically through the CM/ECF system which will send notification to the parties to their registered email addresses.

**RESPECTFULLY SUBMITTED,** in Guaynabo, Puerto Rico, this 1st day of August, 2012.

            **S/ CARLOS E. CARDONA-FERNÁNDEZ**
            Carlos E. Cardona-Fernández
            USDCPR 217806
            e-mail: carloscardonafe@hotmail.com
            Tel. (787) 550-9280

            **S/ MICHAEL CRAIG MCCALL**
            Michael Craig McCall
            USDCPR 210412
            e-mail: michaelm@caribe.net

            **ALDARONDO & LÓPEZ BRAS**
            ALB Plaza, Suite 400, #16 Carr. 199
            Guaynabo, P.R. 00969
            Tel. (787) 474-5447; Fax. (787) 474-5451
            **Counsel for the Appearing Defendant**