UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARMEN LIDIA JORGE, ON HER BEHALF AND ON BEHALF OF MINOR EFJ<br><br>PLAINTIFFS,<br><br>vs.<br><br>POLICE DEPARTMENT OF THE COMMONWEALTH OF PUERTO RICO, ET ALS<br>DEFENDANTS | CIVIL NO. 11-2268(JAG) |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

**TO THE HONORABLE COURT:**

**COMES NOW,** the co-defendant, Municipality of Trujillo Alto, through their undersigned attorneys, and hereby submit this Memorandum of Law in support of the Motion for Summary Judgment pursuant to Local Rule 56 for the United States District Court for the District of Puerto Rico.

**I.   INTRODUCTION**

It is alleged that on December 31, 2011 defendants, members of the Police Department of the Commonwealth of Puerto Rico and the Municipality of Trujillo Alto and its police officers intentionally engaged in the use of excessive force, through the

1

discharging of firearms which resulted in the shooting of plaintiff *(a minor EFG)*.

The minor allegedly accompanied two other individuals in an automobile that stopped at a recycle center in Trujillo Alto. ***SUMF 1(Exhibit 6 pleading 22 of the complaint).***[1] According to the plaintiff, EFJ, the two individuals were stopping to pick up some money. EFJ stated that one of the two who he was accompanying had a firearm. ***SUMF 2(Exhibit 7 Deposition of EFJ p.25,28)*** According to EFJ, the two individuals who exited the automobile suddenly rushed back to the same and left. ***SUMF 3(Exhibit 8 pleading 23 of the complaint)***

The car was being pursued by two PRPD police officers after the commission of a robbery. ***SUMF 4 (Exhibit 9 pleading 24 of the complaint)*** The automobile being pursued drove to a nearby public housing development, Los Claveles. After there being no further pursuit by police officers, the automobile where EFJ was exited the development. ***SUMF 5 (Exhibit 10 pleading 26 of the complaint)***

The automobile was then pursued by a Municipal Police car. ***SUMF 6 (Exhibit 11 pleading 27 of the complaint).*** In the Municipal Police car was defendant, Officer Luis Alfredo Marin

---

[1] The complaint does not specify why these individuals stopped at the recycle center.

2

Figueroa and other officers and they were subsequently joined by PRPD police officers. ***SUMF 7 (Exhibit 12 pleading 28 of the complaint)***

Pursuit continued until the vehicle where EFJ was found crashed into a guard railing on road and police officers detained one of the individuals. ***SUMF 8 Exhibit 13 Deposition of EFJ, p.54) (Exhibit 13 pleading 34 of the complaint).*** EFJ and the other individual fled into the brush. ***SUMF 9 (Exhibit 14 pleading 30 of the complaint)*** The municipal police officers pursuit ended with the apprehension of Amaury Mendez Rosado aka **"Gody".**

Upon pursuing the other two individual in the brush or wooded area where they fled, shots were discharged between PRPD Police officers and the individuals. ***SUMF 10 (Exhibit 15 pleading 35 of the complaint)***[2] EFJ was shot in the back. ***SUMF 11 (Exhibit 16 pleading 41 of the complaint)*** The police officers included in the complaint involving firearm discharge were PRPD Police officers. ***SUMF 12 (Exhibit 17 pleading 36 and 37 of the complaint)***

EFJ was placed in a Municipal pickup truck that was driven by Municipal Emergency Management employee, Luis Marte Ayala and taken to Auxilio Mutuo Expreso Hospital, where he was treated

---

[2] The compliant does not specify which individual police officers began shooting.

for gunshots. ***SUMF 12 (Exhibit 18 pleading 43 and 46 of the complaint)*** The decision to transport him in the pickup truck was based on the fact that an ambulance did not immediately arrive. ***SUMF 13 (Exhibit 19 Deposition of Luis Marte Ayala, p. 10 and 11)***

Prior to EFJ being shot, Municipal Police officer Luis Alfredo Marin Figueroa fell and dislocated his arm and was transported for emergency medical services. ***SUMF 14 (Exhibit 20 pleading 44 of the complaint)*** Officer Rivera Maysonet assisted Officer Marin in the apprehension and arrest of "Gody". Their pursuit ended with the aforementioned arrest. They were not present when shots were fired that resulted in the injury sustained by EFJ.

As it stands in regard to the Municipality of Trujillo Alto, the action brought against the municipality, its Mayor, Jose Luis Cruz Cruz, its Police Commissioner, Radames Benitez, Municipal Police Officers and employees does not state a claim upon which relief can be granted as to the claim of excessive force due to the municipality's use of objective reasonableness in the pursuit of the individuals performed the robbery at the recycling center, added to the fact that the municipal police offers did not participate, nor were they present when the minor EFJ was shot.

**I. STANDARD FOR MOTION FOR SUMMARY JUDGMENT**

Summary judgment is appropriate and shall be rendered forthwith if the pleadings, depositions, interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56 (c) of the Federal Rules of Civil Procedure; see also 3 *Cortes – Irizarry v. Corporación Insular de Seguros*, 111 F. 3d 184, 187 (1st Cir. 1997); *Rivera-Flores v. Bristol Myers Squibb Caribbean*, 1997 WL 194803, (1st Cir. 1997); *McCarthy v. Northwest Airlines, Inc.*, 56 F. 3d 313, 315 (1st Cir. 1995).

The moving party for summary judgment bears the initial burden of demonstrating the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) In order to succeed, "the moving party must show that there is an absence of evidence to support the non-moving parties position". *Rogers v. Fair*, 902 F. 2d 140, 143 (1st Cir. 1990) If this showing is made, the burden then shifts to the non-moving party who in order to defeat the motion for summary judgment, "must demonstrate the existence of a trial worthy issue as to some material fact. A fact is "material" if it potentially could affect the suit's outcome". *Cortes –Irizarry v. Corporación Insular de Seguros, supra at 187; Vega-Rodriguez v. Puerto Rico Telephone Company*, 110 F. 3d 174, 178 (1st Cir. 1997)

The non-moving party cannot rely on mere allegations. *Anderson v. Liberty Lobby, Inc., supra; Maldonado-Denis v. Castillo-Rodríguez,*

5

*23 F. 3d 570 (1st Cir. 1994); Pagano v. Frank, 983 F.2d 343, 348 (1st Cir. 1993). A party opposing a motion for summary judgment must rebut the motion with definite,* 4 *competent evidence that demonstrates the existence of an authentic dispute". McCarthy v. Northwest Airlines, Inc., supra. at 315; Mesnick v. General Electric Co., 950F. 2d 816, 822 (1st Cir. 1991).* "There must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc., supra.* When presented with a motion for summary judgment, the court should "pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether a trial is actually required". *Cortes - Irizarry v. Corporación Insular de Seguros, supra; Vega-Rodríguez v. Puerto Rico Telephone Company, supra.; Rivera-Cotto v. Rivera, 38 F. 3d 611, 613 (1st Cir. 1994); Wynne v. Tufts Universal School of Medicine, 976 F.2d 791, 794 (1st Cir.1992), Cert. Denied, 507 U.S. 1030 (1993).*

Defendant's Statement of Disputed Facts and Memorandum of Law demonstrate that summary judgment should be granted in favor of the Municipality of Trujillo Alto and the complaint should be dismissed as to the appearing co-defendant.

Defendant submits that there are no material facts to support the claims made by the plaintiffs as to the Municipality in this case that would prevent the Court from granting summary judgment as to the issue of co-defendants' liability.

### III. Argument

*a) Plaintiffs do not present any set of plausible set of facts to establish liability on the part of co-defendant, the Municipality of Trujillo Alto or its officials, those being the Mayor, the Commissioner of the Municipal Police, its police officers or employees that state a claim upon which relief may be granted.*

The only Municipal Police officer mentioned in the complaint, Officer Marin, as alleged by plaintiffs fell and dislocated his arm and was transported for emergency medical services prior to the incident where EFJ was shot. **SUMF 14** Officer Marin was involved in the hot pursuit that took place after the robbery that took place after the individuals left the Los Claveles Public Housing Project. **SUMF 5.** The other municipal police officer, Rivera Maysonet arrived after being informed on the police radio that police officers were in pursuit of the vehicle of the individuals that performed the robbery. Officer Maysonet attempted to block the aforementioned vehicle which eventually crashed into a guardrail and the three individuals fled. Officer Rivera Maysonet assisted Officer Marin in the apprehension and arrest of one of the individuals, later identified as *Amaury Mendez Rosado aka "Godi"*. The pursuit of these two municipal police offers ended with this arrest and did not extend to the incident where the minor was shot. No other municipal police officers were identified by the plaintiffs or

involved in the pursuit. Both *Amaury Mendez Rosado aka "Gody" and EFJ* were charged and convicted of armed robbery.

The Municipal police officers of Trujillo Alto did not employ force in relation to the shot received by plaintiff EFJ because they did not present when the incident took place. They did not enter the wooded area where the shooting occurred. A claim of excessive force cannot be made against the Municipality for acts in which they were not present. As it relates to the Municipal police officers, no force was used as to plaintiff, EFJ. Among the factors to be considered in assessing whether the use of force was unreasonable are the severity of the crime the plaintiff was suspected of having committed, whether the plaintiff posed an immediate threat to the police officer or others, whether the plaintiff actively resisted arrest, and whether the plaintiff attempted to evade arrest by fleeing, ***Graham v. Connor*, 490 US 386 (1989)**. The Municipal Police officers employed objectively reasonable force in the arrest of *Amaury Mendez Rosado aka "Gody",* the only individual they intervened with.

Plaintiffs thus do not state a claim upon relief can be granted against co-defendant, Municipality of Trujillo Alto, because police officers were not present and did not participate in the phase where the shooting of plaintiff, EFJ, took place. Based on the aforementioned facts and arguments

presented, the present action should be dismissed as applied to the Municipality of Trujillo Alto, understanding that sufficient facts do not exist to sustain a claim of excessive force.

***b) The two municipal police officers involved in the pursuit of the individuals involved in the robbery of the Trujillo Alto recycling center did not fire their firearms and thus a claim of use of excessive force cannot prevail.***

As to the municipal police officer specifically mentioned in the complaint, the allegation made by the plaintiffs places him outside of the alleged incident, Officer Marin having been transported prior to the shooting. ***SUMF 14(Exhibit 20 pleading 44 of the complaint).*** Officer Rivera Maysonet did not pursue ECF or the other individual fleeing. ***SUMF 15 (Exhibit 21 (Deposition of Rivera Maysonet p. 45)*** Officer Rivera Maysonet was not present when EFJ was shot in the back. ***SUMF 16 (Exhibit 22 (Deposition of Rivera Maysonet p. 45)*** Officer Rivera Maysonet did not fire his weapon at any time during the incidents that took place on December 31, 2010. ***SUMF 17 (Exhibit 21 (Deposition of Rivera Maysonet p.44, 45)(Deposition of Marin p. 39)*** Only PRPD Police officers were present in the exchange of gunfire where EFJ was injured. ***(Exhibit 26 Sworn Statement of Agent Carlos Ortiz Cruz)***

Plaintiffs' allegations thus specifically exclude Trujillo Alto municipal police officer from liability and warrant dismissal on the pleadings. Plaintiffs fail to state a claim

upon which relief can be granted against the municipal police officer mentioned in the complaint and cannot survive a motion to dismiss as to this municipal official.

**c) The transporting of plaintiff EFJ in a municipal vehicle to the emergency room does not constitute an act of excessive force nor a violation of his constitutional or civil rights.**

The actions of Municipal Emergency Management employee, Luis Marte Ayala, was limited to transporting EFJ to the Emergency Room of Auxilio Mutuo Expreso Hospital on December 31, 2010. The transporting of EFJ to receive emergency treatment does not constitute or cannot come under the definition of the "use of Excessive force". The reason why EFJ was transported in the Emergency management pickup is because an ambulance did not arrive. **SUMF 18(Exhibit 31 Deposition Luis Marte Ayala, p. 10 and 11)** [3] EFJ was transported to the Emergency room within five minutes of being placed in the pickup truck.[4] The transporting of EFJ by a Municipal employee simply does not reach the criteria of the use of excessive force and is most clearly directed towards saving the injured person's life.

---

[3] *Q What about the ambulance? Why the ambulance? Why the ambulance didn't appear at the scene?*
*A I don't know.*
*Q Did you keep on calling an ambulance, just in case the shootings resulted in an injury?*
*A And the police were also making efforts, but they were not able to get an ambulance either.*
[4] ***Deposition of Luis Marte Ayala, p.19.***
*Q How much time did it take you to take the9injured person from the scene to the hospital?*
*A About five minutes.*

### *d) There is no Municipal Liability*

Where a plaintiff seeks to impose § 1983 liability on a municipality he/she must meet the very particular liability standard applicable to said local government entities. In the case of <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658 (1978), the Supreme Court established a limited scheme of municipal liability was announced. The <u>Monell</u> Court held that a local government entity **may not be based on a respondent-superior scheme**, that is, § 1983 municipal liability may never be based on a vicarious liability theory. <u>Monell</u>, 436 U.S. at 691 (Holding that "a municipality cannot be held liable *solely* because it employs a tortfeasor--or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.") (emphasis in the original). In plain English, there is no such thing as **vicarious liability** under § 1983, particularly in the case of municipal governments. Therefore, local entities are liable under § 1983 only if "through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged" meaning that "a plaintiff **must show** that the municipal action was taken with the requisite degree of culpability and **must demonstrate** a **direct causal link** between the municipal action and the deprivation of federal rights." <u>Board of the County Commissioners v. Brown</u>, 520 U.S. 397, 404 (1997) (emphasis added, italics in the

11

original). Monell-type liability may attach where the disputed conduct was undertaken "by those whose edicts or acts may fairly be said to represent [the local entity's] official policy." Monell, 436 U.S. at 694.

In the area of police misconduct litigation, the courts have found liability where the municipality's failure to train "amounts to deliberate indifference to the rights of persons with whom the police come into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989). The First Circuit has steadfastly held that a single incident is not sufficient and that the plaintiff must also show that, in not providing sufficient training to its personnel, "the city was deliberately indifferent to the rights of its citizens". Whitfield v. Meléndez-Rivera, 431 F.3d 1, 12-13 (1st Cir. 2005).

The conduct of the Municipal Officers was directed towards the hot pursuit of the individuals that committed a robbery at a recycling center in Trujillo Alto on December 31, 2010. Their involvement was limited to the apprehension of one of the three individuals fleeing and did not extend to the moment when one of the individuals was shot. They did not utilize their firearms at any moment during their pursuit. They did not compromise any of the standards that would place in doubt their training or experience or can it be demonstrated that the Municipal

12

employees were the moving force behind the injuries sustained by the plaintiff, EFJ. The only role of the Municipal Police was to provide support. *SUMF 19 (Exhibit 23 Certification from Police Commisioner)*

## CONCLUSION

Plaintiff fail to state a claim as to Municipal liability for the facts alleged in the complaint and should be dismissed based on the aforementioned arguments.

**WHEREFORE,** plaintiffs submit the aforementioned Memorandum of Law in Support of their Motion for Summary Judgment.

In San Juan, Puerto Rico this 14th day of April 2014.

**S/Robert Millan**
**ROBERT MILLAN, ESQ.**
**USDCPR 202406**
**CALLE SAN JOSE #250**
**SAN JUAN, PR 00901**
**TEL: (787) 725-0946**
**FAX: (787) 725-0946**
*e-mail: rmi3183180@aol.com*

**S/Alejandro Carrasco Castillo**
**Alejandro Carrasco Castillo, ESQ.**
**USDCPR  216806**
**URB. EL CEREZAL**
**CALLE PARANA #1684**
**SAN JUAN, PR 00926**
**TEL: (787) 756-8784**
**FAX: (787) 756-8687**
*e-mail: carrasclaw@prtc.net*

14

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY:** that on April 14, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: *all attorneys of record*

S/Robert Millan