IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **CARMEN LIDIA JORGE,** *et al.*, **Plaintiff,**<br><br>v.<br><br>**POLICE DEPARTMENT OF THE COMMONWEALTH OF PUERTO RICO,** *et al.*, **Defendants.** | **CIVIL NO. 11-2268 (JAG/CVR)** |

## OBJECTION TO REPORT AND RECOMMENDATION

**TO THE HONORABLE COURT:**

**COME NOW** co-defendants José Figueroa-Sancha and Leovigildo Vázquez (collectively the "Supervisory Defendants"), and thru the undersigned attorney, very respectfully STATE and PRAY as follows[1]:

### I. Introduction

On October 1, 2015 this Honorable Court, through Magistrate Judge Camille Vélez-Rive, entered Report and Recommendation ("R&R"). The Magistrate Judge recommended the denial of Defendant's Motion for Summary Judgment ("MSJ") at Docket No. 162. As shall be discussed below, appearing Supervisory Defendants request this Honorable Court to not adopt the Report and Recommendation regarding the denial of the MSJ. Let us see.

### II. Standard of Review

A District Court may refer dispositive motions to a United States Magistrate Judge for a report and recommendation. 28 U.S.C. § 636(b) (1)(B). In similar vein, Rule 72(b) of the Federal

---

[1] All Defendants hereby reiterate and adopt by reference all defenses and arguments expounded on our motion for summary judgment, statement of uncontested facts and all other pleadings. Docket No. 162. By doing so, Defendants are not waiving any arguments not specifically raised in this Objection to Report and Recommendation and preserve all arguments for all future proceedings including appeal if necessary.

1

Rules of Civil Procedure and Rule 72(a) of the District of P.R.'s Local Rules set forth the Magistrate-Judges' authority to issue a Report and Recommendation when a dispositive pretrial matter has been referred to him. Upon issuance of a Report and Recommendation, the parties ordinarily have 14 days to file any objections to the Report and Recommendation. See Fed. R. Civ. P. 14(b) (2) and Local Rule 14(d).   In this case, as per the Court's order at Docket # 190, and as restated in Docket # 191, the time for filing objections has been reduced to five (5) business days. A party may object to the Magistrate-Judge's proposed findings and recommendations. Fed. R. Civ. P. 14(b)(2). The objections have to be specific. Id. The objections cannot be general, conclusory or rehash arguments already attended by the Magistrate-Judge; the objections must specify those issues which are the subject of objection. See U.S. v. OUL Located at Mansiones del Caribe, Civil No. 07-1487 (ADC) (Dist. P.R. Jan. 29, 2010) (Unpublished), available at 2010 WL 419439. Upon being presented with the objections, the Court must determine de novo any part of the magistrate judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). See also Ramos Echevarria v. Pichi's, Inc., 698 F. Supp. 262, 265 (Dist. P.R. 2010) (citing Borden v. Sec. of HHS, 836 F.2d 4, 6 (1st Cir. 1987)); Hill v. Culebra Conservation and Development Authority, Civil No. 08-1039 (GAG/JA) (Dist. P.R. June 9, 2009) (Unpublished), available at 2009 WL 1609407; Local Rule 72(d). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.  Fed. R. Civ. 72(b) (3). Moreover, only those issues fairly raised by the objections to the magistrate's report are subject to review in the district court and those not preserved by such objection are precluded on appeal. School Union No. 37 v. United Nat. Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (quoting Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir.1988)).

### III.   Discussion

**a.   Recommendation to deny Defendant's MSJ on the merits.**

The Honorable Magistrate Judge deemed a total of 133 facts as uncontested (**Docket No. 239, p. 5 – 26**). In light of those uncontested facts, the Court concluded that "*Plaintiffs have presented*

*evidence that points to the existence of an atmosphere of possible supervisory encouragement, condonation or acquiescence amounting to deliberate indifference and lack of supervision at the Puerto Rico Police Department."* (**Docket No. 239, p. 31**)  In essence, the recommendation builds upon 1) an alleged lack of training (***Id.***) and 2) knowledge about the constitutional violation atmosphere that permeated the Police Department and did nothing about it (**Docket No. 239, p. 32**). However, none of the findings of fact support this conclusion.

For the purpose of arguing that the supervisory claims must be dismissed, and notwithstanding that *then* minor Plaintiff EFJ and another person were indicted concerning the facts that underlie the instant complaint (see **Findings of Fact No. 130 and 131**) and that Plaintiff pleaded guilty to at least *some* of those charges (see **Defendants Uncontested Fact No. 13, Objected but otherwise Admitted, Docket No. 209, p. 2; and Defendants Uncontested Facts No. 121 and 122, Admitted without objection, Docket No. 209, p. 10**), it is <u>assumed</u>[2] that Juan Ortiz ("Ortiz") and co-defendant Ivan Lebrón ("Lebrón") committed constitutional violations as vaguely alleged by the Plaintiff (see **Findings of Fact No. 33 – 40**).

Let us begin with the lack of training. First of all, the street level officers who are connected to the events, Ortiz and Lebrón, both have had training of civil rights and use of firearms. In Lebrón's case, <u>at the minimum</u>, he has participated in the Local Academies and has discussed civil rights and has been admonished regarding this (*see* **Defendants Uncontested Fact No. 43 at Docket No. 159, p. 7 – Admitted by Plaintiffs – Docket No. 209, p. 4**). Furthermore, Lebrón was trained in the use and handling of firearms at the Police Academy (**Finding of Fact No. 12**). In the case of Juan C. Ortiz, he is certain he received civil right training in the Police Academy (**Finding of Fact No. 18**). Similarly, Ortiz attended the Local Academies, which were held once a month, and on occasions discussed civil right and the use of force (**Findings of Fact No. 20 – 22**).

---

[2] Defendants deny that Plaintiff's constitutional rights were abridged at any moment.

3

On another note, Lebrón was commended for his excellent performance in the line of duty (**Finding of Fact No. 15**). And on the other hand, there are no prior administrative complaints on the record to sustain an allegation of prior notice of a predisposition to commit civil rights violations.

As to Ortiz, in his then eight year tenure as a police officer, he has been complained of twice: one administrative complaint regarding traffic tickets (which was dismissed) and another for the facts of the instant complaint (**Finding of Fact No. 23**). The first time Ortiz used his regulation firearm was on December 31, 2010 (in the facts related to the case at bar) (**Finding of Fact No. 24**). Ortiz has never been reprimanded by the Police Department (**Finding of Fact No. 25**).

Under this scenario, Supervisory Defendants respectfully posit that the Report and Recommendation must not be adopted because dismissal of their claims is warranted.

Supervisory liability can be grounded on either the supervisor's direct participation in the unconstitutional conduct, or through conduct that amounts to condonation or tacit authorization. *See* Camilo-Robles v. Zapata, 175 F.3d 41, 44 (1st Cir.1999). Absent direct participation, a supervisor may only be held liable where "(1) the behavior of [his] subordinates results in a constitutional violation and (2) the [supervisor's] action or inaction was 'affirmatively link[ed]' to the behavior in the sense that it could be characterized as 'supervisory encouragement, condonation or acquiescence' or 'gross negligence ... amounting to deliberate indifference.'" Pineda v. Toomey, 533 F.3d 50, 54 (1st Cir. 2008); Hegarty v. Somerset County, 53 F.3d 1367, 1379-80 (1st Cir.1995) (*quoting* Lipsett v. Univ. of Puerto Rico, 864 F.2d 881, 902-03 (1st Cir.1988)), but that is a demanding standard, *see* Seekamp v. Michaud, 109 F.3d 802, 808 (1st Cir. 1997)." Martinez-Vélez v. Rey-Hernández, 506 F.3d at 41. Only "indifference that rises to the level of being deliberate, reckless or callous, suffices to establish liability under Sec. 1983." Gutiérrez- Rodríguez, 882 F. 2d at 562. Mere

negligence on the part of a supervisory officer is not sufficient. *See* <u>Febus-Rodríguezv. Betancourt-Lebron</u>, 14 F. 3d 87 93 (1st Cir. 1994).

Claims of inadequate training require proof that the failure to train was a policy or deliberate choice **made by the Defendants** and that there is a direct link between the Defendants inaction and the constitutional violation. *See* <u>Bowen v. City of Manchester</u>, 966 F.2d 13, 18 (1st Cir. 1992). Evidence of an isolated negligent act is not sufficient to satisfy this heavy burden. *See <u>id</u>*.

In order to go around the inevitable conclusion that the record is devoid of evidence to find that summary judgment is improper, the Report and Recommendation relies on Police Department Monitor and the US-DOJ Report (**Findings of Fact No. 132 and 133**). According to the Report and Recommendation, it is inferred that "*the fact the Department of Justice, as well as the Puerto Rico Police Monitor's investigations into precisely these types of actions were happening at the same time* [Defendant Leovigildo] *Vázquez was in office weighs heavily against Defendants. And of course, these same arguments apply to Figueroa Sancha, who, as head of the Police Department, appointed Vázquez to that position, and to whom Vázquez directly reported to.*" (**Docket No. 239, p. 32**) Furthermore, the Report and Recommendation argues that the findings of the reports issued by the United States Department of Justice and the Police Department Monitor Efraín Rivera Pérez aid Plaintiffs in proving that co-defendants Vázquez and Figueroa Sancha had knowledge about the constitutional violation atmosphere that permeated the Police Department and did nothing about it.

However, the Reports were both issued <u>after</u> the facts of the instant case. Both Reports were rendered on the year 2011 (June and September), whereas the facts of the Complaint took place on **December 31, 2010**. The Office of the Independent Monitor was established via Executive Order on **October 2010** (**Finding of Fact No. 132**), on month before the facts of the instant case. And in the case of the US-DOJ Investigation of the Puerto Rico Police Department, the same was ongoing when Figueroa-Sancha was appointed Police Superintendent (**Finding of Fact No. 111**). Yet, there

is nothing on record to indicate that the Figueroa-Sancha and Vázquez did not attempt to correct or address the US-DOJ's preliminary observations and impressions, or that they were deliberately indifferent. On the other hand, and just like the administrative files, said Reports do not give the Supervisory Defendants notice of Lebrón or Ortiz' exhibited behavior that was likely to result in the violation of the constitutional rights of citizens. Febus-Rodriguez v. Betancourt-Lebron, 14 F.3d 87, 93 (1st Cir. 1994).

To prevail on a failure-to-train theory, a plaintiff must do more than show merely that the municipality's training program is deficient. Whitfield v. Melendez-Rivera, 431 F.3d 1, 10 (1st Cir. 2005). He "must establish that the particular officer[] who committed the violation had been deprived of adequate training, and that this specific failure in training was at least a partial cause of the ultimate injury." Id. And the record is barren as to this requirement. Plaintiffs cannot defeat summary judgment against the Supervisory Defendants.

In light of the above, it is respectfully request that the Report and Recommendation at Docket No. 239 be rejected by the Court.

**b. All pendent state law claims should be dismissed**

As shown above, Plaintiff's federal claim must be dismissed. This result, in turn, would deprive the case of its sole basis for federal question jurisdiction. The record reveals no independent basis for federal jurisdiction. Supervisory Defendants submit that once deprived of its federal question jurisdiction, this Honorable Court should dismiss plaintiffs' supplementary state law claim. United Mine Workers v. Gibbs, 383 U.S. 715, 86 S. Ct. 1130 (1966); Mcinnis-Misenor v. Maine Medical Center, 319 F.3d 63, 73 (1st Cir. 2003) (When federal claims are dismissed before trial, state claims are normally dismissed as well.) Once the Court dismisses the section 1983 claim, the Court should decline to exercise supplemental jurisdiction. "[A] district court has discretion to decline to exercise supplemental jurisdiction after dismissing 'all claims over which it ha[d] original

jurisdiction.'" <u>Figueroa v. Alejandro</u>, 597 F.3d 423, 431 n.10 (1st Cir. 2010) (quoting 28 U.S.C. § 1367(c)(3)). Pursuant to this relevant case law, defendants request that the Court abstain from exercising supplemental jurisdiction and dismiss the pendent state law claims.

### IV.   Conclusion

Pursuant to the above, the Defendant requests that the Court reconsider the Magistrate Judge's Report and Recommendation and **DISMISS WITH PREJUDICE** the Supervisory Claims. Additionally, the Court should **DISMISS** all pendent state law claims.

**I HEREBY CERTIFY** that on this same date, I have electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send notification of such filing to all attorneys of record.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, this 29th day of October 2015

> CÉSAR MIRANDA RODRÍGUEZ
> Secretary of Justice
>
> MARTA ELISA GONZÁLEZ Y.
> Deputy Secretary of Justice
> in Charge of Litigation
>
> WANDYMAR BURGOS VARGAS
> USDC-PR No. 223502
> Director
> Federal Litigation Division
> Department of Justice
>
> *S/Jaime J. Zampierollo-Vilá*
> JAIME J. ZAMPIEROLLO-VILÁ
> USDC-PR No. 228710
> Federal Litigation Division
> Department of Justice
> P.O. Box 9020192
> San Juan, PR  00902-0192
> Office (787) 721-2900 2650/2646
> Fax: (787) 723-9188
> Email: jzampierollo@justicia.pr.gov