IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARMEN LIDIA JORGE, ET AL<br><br>PLAINTIFFS<br><br>VS.<br><br>FIGUEROA-SANCHA, ET AL,<br><br>DEFENDANTS | Civil No. 11-2268 (JAG)<br><br>VIOLATION OF CIVIL RIGHTS<br>JURY TRIAL DEMANDED |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' OBJECTION TO REPORT AND RECOMMENDATION**

NOW COME the plaintiffs, through the undersigned attorneys, and very respectfully state and pray as follows:

The Commonwealth defendants (Figueroa-Sancha, Lebrón-Lebrón and Vázquez) [1] have filed on objection to the Report and Recommendation (R&R) at Docket No. 162.  Their petition asks the Court, as they did in their motion for summary judgment, to weigh the evidence in favor of the defendants in clear contradiction to the standard for a review of such motions.  The R&R has sufficient evidence in dispute to warrant a Jury review of the same, as such, the R&R should be adopted in total by this Honorable Court and a trial date set.

**STANDARD OF REVIEW OF AN OBJECTION TO REPORT AND RECOMMENDATION**

---

[1]Plaintiffs have settled their claims as to the Municipal defendants and thus the three remaining defendants in this case are Figueroa Sancha, Lebrón-Lebrón and Leovigildo Vazquez, all members of the Commonwealth's Puerto Rico Police Department at times relevant. It should be noted that the Commonwealth defendants' motion for summary judgment also seeks dismissal as to Emilio Díaz and Mayra Figueroa, but said parties, who were defendants at some point, were voluntarily dismissed by plaintiffs some time ago.

A judge of the court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1)(C)(2000). This Honorable Court need not conduct a new hearing and may consider the record developed before the magistrate judge. See Local Rule 72(d)

## STANDARD OF REVIEW FOR SUMMARY JUDGMENT

A court may grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that **there is no genuine issue as to any material fact** and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P 56(c). (Emphasis ours)

To determine whether these criteria have been met, a court must pierce the boilerplate of the pleadings and carefully review the parties' submissions to ascertain whether they reveal a trial worthy issue as to any material fact. Perez v. Volvo Car Corporation, 247 F.3d 303, 310 (1st Cir. 2001); Grant's Dairy-Me., LLC v. Comm'r of Me. Dep't of Agric., Food & Rural Res., 232 F.3d 8, 14 (1st Cir. 2000); Cortes-Irizarry v. Corporacion Insular, 111 F.3d at 187. In applying this screen, **the court must construe the record and all reasonable inferences from it in favor of the nonmovant** (i.e., the party opposing the summary judgment motion, in this particular case, Plaintiffs). Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. at 150-151; Suarez v. Pueblo Int'l. Inc., 229 F.3d 49, 53 (1st Cir. 2000); Plumley v. Southern Container Inc., supra; Leahy v. Raytheon Company, 315 F.3d 11, supra. (Emphasis ours) An absence of evidence on a critical issue weighs against the party--be it the movant or the nonmovant--who would bear the burden of proof on that issue at trial. Perez, supra; see also, Torres Vargas v. Santiago Cummings, 149 F.3d 29, 35-36 (1st Cir. 1998); Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990).

A fact is deemed "material" if the same "potentially affects the suit's determination." Id. "An issue concerning such a fact is 'genuine' if a reasonable fact finder, examining the evidence

and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Cortes-Irizarry, supra.Alvarez Pumarejo v. Mun. of San Juan, et al, 972 F. Supp. 86 (DPR 1997); Rivera Marrero v. Hospital Hermanos Meléndez, 253 F. Supp 2d 179 (DPR 2003).

Applying this standard, as will be argued herein, none of the defendants have met this burden to warrant the granting of the motion for summary judgment.  There are material issues of fact to stay the granting of any motion for summary judgment.  Also their interpretation of the relevant case law works against them.  As such their motions should be denied, the Report and Recommendation adopted and the instant case set for trial without further delay.

**FACTUAL BACKGROUND**

The Defendants' reliance on the alleged training received is insufficient for the Court on *de novo* review to grant summary judgment or to reject the R&R presented by the Magistrate Judge.  The defendants in their Objection fail to show how the actions out in the field by the police officers on scene on the date in question reflected properly trained officer as opposed to what it reflects of actions by officers, regardless of their training, violating the plaintiffs' rights. The facts presented and as found by the Magistrate Judge reflect the field officers in a western style shoot out of fire first and ask questions later was implemented.

A *de novo* review of the facts are no different from those found by the Magistrate.  They are: (a) EJF, a minor at the time of the incident, did not participate in the hold-up at the recycling center; he was a passenger in the car used by the perpetrators at relevant times; (b) the police started a car chase and shot several times at the car being chased, while there were no shots whatsoever from the fleeing car to the police; (c) when the fleeing car stopped, he and one of the acquaintances that were in the car, "Rafo", ran towards a wood area; plaintiff did not surrender to

the authorities because he was scared of the PRPD officers;  (d) several PRPD officers pursued them and started shooting at their backs while they were running; again, no shots whatsoever were fired at the police; (e) plaintiff decided to lie down in the grass, three feet tall, fully visible, thus subduing himself to the authorities; in fact, one of the shooting PRPD officers saw plaintiff lie down before he was shot; (f) one shot fired by a PRPD officer hit plaintiff in the lower back while he was lying down, subdued and defenseless; (g) upon being shot, plaintiff's body flipped over and he saw several officers approaching with guns in their hands; and (h) there were no shots whatsoever fired at the PRPD officers during the incident; all who shot were PRPD police officers.  These facts place into sever question the alleged training mentioned in the Defendants' Objection.

As for the Supervisory Defendants, the Defendants' Objection indicates that the officers were trained, but fail to address the adequacy of the same and the knowledge that the Supervisory Officers had that said training was poor at best and/or non-existent at worst.  Indeed as the Plaintiffs pointed out defendants Lebron's training we more staff meetings then trainings. (See Finding of Fact No. 21)(See also,  Docket No. 209, Pg. 4, Averment 43)   Indeed, the failure by the Supervisory defendants to properly investigate the facts surrounding such a serious shooting and as of the date of this document, there still has not been any forensic evidence to support the police officers claim that they were fired upon must be taken against their version of the events.  (See Docket No. 239 R&R pg. 29, 2nd ¶)  However, the Defendants' Objection does little to address the key finding by the Magistrate which were:

> "....Plaintiffs have presented evidence that point to the existence of an atmosphere of possible supervisory encouragement, condonation or acquiescence amounting to deliberate indifference and lack of supervision at the Puerto Rico Police Department. For starters, there was no hands-on training in the use (or prevention) of excessive force and of civil rights by the Police Department after the officers graduated from the Police Academy. All the officers had was the

"local Academy" which consisted of an informal meeting roughly every month where communications from Police Headquarters were discussed and discussions about the use of force and civil rights were held. The fact that officers Figueroa and Lebrón admitted they had not received any further training in civil rights and excessive force violations since they studied at the Police Academy does little to help Defendants' case. Officer Ortíz, who admitted to shooting when allegedly threatened by Rafo, could not summarize or explain the parameters for handling guns and the use of force when performing an arrest when he was deposed four years after the incident, and after a training program had allegedly been implemented in the Puerto Rico Police force.

Sergeant Julio Galarza, the highest ranking officer at the scene of the incident, likewise admitted that, at the time the events that gave rise to this complaint took place in 2010, the Police Department was not required to provide regular training on use of force and civil rights to its officers. That is directly in contrast to today, where the Police Department is under an obligation to provide a better disciplinary process to officers as a result of a stipulation between the local Department of Justice, the Federal Department of Justice and the Puerto Rico Police Department. Galarza further admitted that trainings are important to prevent violation of civil rights.

Buttressing these admissions by Galarza are the findings of the reports by the United States Department of Justice and the Police Department Monitor Efraín Rivera Pérez. Thus, the fact that co-defendants Vázquez and Figueroa Sancha were not at the scene of the incident is of little use to them if Plaintiffs can establish that they, as high ranking officers of the Police Department, had knowledge about the constitutional violation atmosphere that permeated the Police Department and did nothing about it." (See Docket No, 239, Pg. 32-37)

In addition, the Objection filed points to the date of the reports.  (See Docket no. 242,

pgs. 5-7)  However, this was squarely addressed by the Magistrate:

".....Furthermore, the fact the Department of Justice, as well as the Puerto Rico Police Monitor's investigations into precisely these types of actions were happening at the same time Vázquez was in office weighs heavily against Defendants. And of course, these same arguments apply to Figueroa Sancha, who, as head of the Police Department, appointed Vázquez to that position, and to whom Vázquez directly reported to. These inferences, which the Court must make in favor of Plaintiffs as the non-moving party, preclude summary disposition of these claims. date of the rep   Thus the factual controversy warrants the denial of the motion and setting of a trial." (See Docket No. 242, pg 33)

The Defendants' Objection should be denied and a trial date set.

## **ANALYSIS**

**The Magistrate in the R&R accurately and correctly pointed to the existent factual controversy, which the Objection filed fails to address, thus warranting the adoption of the same after *de novo* review.**

The Defendants' Objection fails to argue or address how the facts, taken in a light most favorable to the plaintiffs as was done by the Magistrate, could possibly lead to a rejection of the of the R&R issued in the instant case.  Their arguments ask the Court to weigh the evidence in their favor.  This is a contradiction to the standard of law.

The facts found by the Magistrate and highlighted herein demonstrate causes of actions as to the three defendants remaining in this case: a PRPD officer which was at the scene, Iván Lebrón-Lebrón, and two high hierarchy PRPD supervisors, Figueroa-Sancha (at times relevant, PRPD superintendent) and Leovigildo Vázquez (at times relevant, auxiliary superintendent of field operations.)

All claims, that law enforcement officials have used excessive force, deadly or not, in the course of an arrest, investigatory stops, or other "seizure" of a free citizen, are required to be analyzed under the Fourth Amendment's "objective reasonableness" standard as was done by the Magistrate. (*Graham v. Connor* - 490 U.S. 386 (1989))  Nothing from the facts pointed out in the Objection show any objectively reasonable action taken by any of the officers for shooting the plaintiff.

As for the Supervisory Defendants, it is correct that *respondeat superior* is unavailable in §1983 claims.  However, the facts in this case are grounded on "...either the supervisor's direct participation in the unconstitutional conduct, or through conduct that amounts to condonation or tacit authorization."  [id at 225] The supervisor " may only be held liable if: "(1) the behavior of his subordinates results in a constitutional violation and (2) the supervisor's action or inaction was affirmatively linked to the behavior in the sense that it could be characterized as supervisory

encouragement, condonation or acquiescence or gross negligence amounting to deliberate indifference." [id at 226, internal cites omitted]  Defendant Vazquez was directly charged with protecting the civil rights of Puerto Rico citizens and developing protocols for the use of firearms. For purposes of municipality's (or in this case, the PRPD's) liability under § 1983 for official's actions, officials can derive their authority to make final policy from customs or legislative enactments, or such authority can be delegated to them by other officials who have final policy-making authority.  (*Feliciano v. City of Cleveland, C.A.6 (Ohio) 1993, 988 F.2d 649*, certiorari denied 114 S.Ct. 90, 510 U.S. 826, 126 L.Ed.2d 57)  Personal involvement is irrelevant when a defendant like Vazquez was directly empowered with all decision making for civil rights protections and the use of firearms.

*Feliciano-Flores* [supra] is further distinguished from the present case in that in Feliciano, there was no allegation of widespread abuse. Here, not only is there an allegation, there is direct proof in the form of a negative finding by the highest law enforcement agency in the land.  For a government official to condone or authorize conduct, and thus to hold him liable in his individual capacity for government action under § 1983, the official must at least have actual or constructive notice of the violation.  *Ortiz v. Saez*, United States District Court, 939 F.Supp.2d 69 (D.P.R. 2012]

"Although state officials are literally persons, a suit against a state official in his official capacity is not a suit against the official, but rather a suit against the official's office… However, "the fact that an official acts under color of law does not mean the he or she becomes the state—when sued in his or her individual capacity—he or she is a person for the purpose of § 1983 and enjoys no Eleventh Amendment immunity…Therefore, officials acting under color of state law

may nonetheless be liable for damages in their personal capacity. (*Medina Perez v. Fajardo*, 257 F. Supp. 2d 467, 472 (D.P.R. 2003) internal cites omitted)

To sustain a claim under §1983 for violation of civil rights, a plaintiff must show causation linking a supervisor's conduct to the subordinate's violative act or omission. (*Maldonado–Denis v. Castillo–Rodriguez,* 23 F.3d 576, 582 (1st Cir.1994) (citations omitted)). Causation may be satisfied if the supervisor knew of, overtly or tacitly approved of, or purposely disregarded the conduct. Causation may also be satisfied if there is a long history of widespread abuse sufficient to alert a supervisor to ongoing violations and the supervisor fails to take corrective action.(*Chapman v. Finnegan*, 950 F. Supp. 2d 285, 294 (D. Mass. 2013))

To establish liability under § 1983 for inadequate training of police officers in use of force, plaintiff must show: officers exceeded constitutional limitations on use of force; use of force arose under circumstances that constitute usual and recurring situation with which police officers must deal; inadequate training demonstrates deliberate indifference on part of city toward persons with whom police officers come into contact; and there is direct causal link between the constitutional deprivation and inadequate training.   (*Allen v. Muskogee, Okl.*, 119 F.3d 837 (C.A.10 (Okla.) 1997), certiorari denied 118 S.Ct. 1165, 522 U.S. 1148, 140 L.Ed.2d 176)

At this juncture, the plaintiff need not prove that the training of the PDPR for civil rights and use of force was inadequate. He need not prove there existed a pattern of abuse and constitutional violations. He simply must point to a genuine dispute of material facts. The plaintiff suggests that the evidence is indeed one-sided – in the plaintiff's favor. (see *Kearney v. Town of Wareham*)   It is the many facts in controversy that precluded the Magistrate from recommending granting the Motion for Summary Judgment and that also precludes this Court as

well.  In sum, this Court, even with a *de novo* can only find serious factual controversy and thereby deny the granting of the motion for summary judgment.  The Court should then adopt the R&R in full as to all defendants.

### State Claims

Since supplemental jurisdiction over local claims hinges on this Court original jurisdiction to entertain a federal claim, supplemental jurisdiction of the local claims against should be retained. When determining whether it has ancillary jurisdiction, a court must examine whether the federal claims and nonfederal claims arise from a common nucleus of operative fact; that is, whether they comprise but one constitutional case. 28 U.S.C.A. § 1367. (*Consortium, LLC v. Ferreras-Goitia*, 198 F. Supp. 2d 116(D.P.R. 2002))

Here, it is evident that the state claims are directly ancillary to the federal question, thus this Honorable Court should retain jurisdiction of the state claims.

### CONCLUSION

This Honorable Court taking the evidence in a light most favorable to the plaintiffs, and exercising its power of *de novo* will find that sufficient facts exists to deny the Motion for Summary Judgment.  That being the case, this Honorable Court should adopt the Report and Recommendation and set the matter fro trial.

**WHEREFORE**, it is respectfully requested from this Honorable Court that it after its *de novo* review DENY the motion for summary judgment and **ADOPT** the Report and Recommendation at Docket No. 239.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this November 12, 2015.

**I HEREBY CERTIFY:** I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which well send notification of such filing to the counsel of record.

**LANDRÓN VERA, LLC**
Attorneys at Law
1606 Ave. Ponce de León, Suite 501
Edificio Julio Bogoricin
San Juan, PR 00909
Tel.: (787) 395-7886
Email: landronvera@hotmail.com

S:/ Eileen Landrón Guardiola
**EILEEN LANDRÓN GUARDIOLA**
USDC-PR-203006
elandron@landronvera.com

S/: Eduardo Vera Ramírez
**EDUARDO VERA RAMÍREZ**
USDC-PR-209713
evera@landronvera.com

S:/ Luis A. Rodríguez Muñoz
**LUIS A. RODRIGUEZ MUÑOZ**
USDC-PR-214511
lrodriguez@landronvera.com