IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARMEN LIDIA JORGE, et. al<br><br>PLAINTIFFS,<br><br>Vs.<br><br>POLICE DEPARTMENT OF THE COMMONWEALTH OF PUERTO RICO, et. al<br><br>DEFENDANTS | Civil No. 11-2268(JAG)<br><br>Consolidated with<br><br>Civil No. 14-1590 (GAG)<br><br>VIOLATION OF CIVIL RIGHTS<br>JURY TRIAL DEMANDED |

PLAINTIFFS RESPONSE IN OPPOSITION TO THE PENDING MOTION IN
LIMINE FILED INSTANTER

TO THE HONORABLE COURT:

NOW COME PLAINTIFFS, through the undersigned attorneys, and very respectfully state, allege and pray:

1.     The defendants have filed two motions in limine.  (Docket nos. 300 and 301)

2.     This Honorable Court order responses to the motion in limine currently filed by the defendants to be submitted by July 22, 2019.  (Docket no. 306)

3.     As the Court is aware, given the historical events which occurred yesterday on the 22nd most of the metropolitan area was closed including the District Court, as was undersigned's office.

4.     A such it is requested that the instant response be allowed to be filed instanter to the date as ordered by the court, thus making the same timely.[1]

5.     As for the motions themselves, one motion seeks the exclusion of the existing settlement that was reached between the plaintiffs and the Municipality of Trujillo Alto and any

---

[1] The Plaintiffs moved this Court for an extension of time at docket no. 307.  The same no longer being necessary it is requested that the same be deemed moot.

reference to the same, despite the fact that Plaintiffs have never made any assertion to suing the same at trial.

6.      The second motion seeks the exclusion of the USDOJ Report, Governor Fortuño's Executive Order and the Public Report of the Independent Monitor all relied upon by the Plaintiffs' expert.  They then extrapolate that Plaintiffs' expert William Gaut's expert report should be excluded.

7.      The second motion is now the second attempt made by the defendants to have this same material excluded.

8.      As the Court will recall, defendants moved to exclude Plaintiffs experts. (Docket No. 139) After the filing of the opposition (Docket No. 150) the matter was referred to a Magistrate. (Docket No. 151) Ultimately, the request to exclude the report was denied given the failure to develop a proper argument before the court. (Docket No. 197)

9.      This second attempt in the latest motion, like its predecessor, should be denied.

THE ROLE OF THE MOTION IN LIMINE

10.      The motion *in limine* originated in an attempt to prevent prejudicial evidence from interfering with a fair and impartial jury verdict in Civil Litigation. The general approach among courts and commentators was that the motion "in limine "should be used, if used at all, as a rifle and not as a shotgun, pointing out the objectionable material and showing why the material is inadmissible and prejudicial."  See U.S. v. Brodhead, (D. Mass. 1989) citing Colbert, *The Motion in Limine in Politically Sensitive Cases:  Silencing the Defendant at Trial,* 39 Stan. L. Rev. 1271, 1276, 1277 (1987).  The purpose, scope and use of said motion has expanded to become a tool used by parties to avoid the injection into the trial of matters which are irrelevant, inadmissible and/or prejudicial.  Daily v. Wheat, Tex. App. 1984, 681 Sw 2d 747 (14th Cir. 1984).

ARGUMENTS

**The USDOJ's Report, Fortuño's Executive Order and the Public Report of the Independent Monitor are all**

**admissible.**

11.     The crux of the defendants' petition to exclude these documents is that they all postdate the events of the complaint ergo inadmissible.

12.     Yet this argument is flawed since Defendants' failed to discuss, mention or address the fact that Defendant Figueroa-Sancha testified during his depositions regarding the very documents it seeks to exclude (See Docket No. 209, pg. 16-19, averments 61-92) and his participation in the same.

13.     The date of the documents being after the events in the complaint fails to grasp that the same is to address events of police brutality, like that which the plaintiffs were exposed to, that existed during his tenure as Superintendent and that the findings are about events under his watch that went unaddressed.  It was not only to avoid them in the future but a statement that police failure to train and be properly supervised was a long-standing problem, including under Figueroa-Sancha's tenure.  His inaction required the eventual consent decree, which he himself accepted given his failings as a supervisor.

14.     The documents were addressing events during Figueroa-Sancha's tenure and what he knew during his participation make it clear of his knowledge of not only the documents, their content and his sheer refusal to address the matters at hand and eventually he was forced to do so by the eventual consent decree reached.

15.     The dates of the documents not only make future actors more culpable to dispel the lame claim and/or excuse used that they knew nothing, but is tied directly to Figueroa-Sancha.  It clearly demonstrates the knowledge he had and ignored by himself and his staff from properly training and monitoring the Puerto Rico Police force.  Actions that led to the injuries suffered by the plaintiffs.

Especially, during his tenure and due to his failure to do anything about it, as the documents help to establish.

16.     Figueroa-Sancha was involved and knew of the documents so to assert they are inadmissible merely by the date, belittles the reality.

17.     In addition, Plaintiffs' respectfully brings to the Court's attention that it has already taken Judicial Notice of the same and thus they are admissible at trial. (See Docket No. 239, Pg. 25-26, averments 132-133). This ruling was never objected to or addressed as erroneous, not even in the motion in limine.

18.     The law of the case remains that this Court has already taken Judicial Notice of the aforementioned documents when it examined the motion for summary judgment and its opposition upon its ruling to deny the defendants' summary judgment.  This further substantiates that the motion in limine should be denied.

19.     Also, the defendants' reliance on the case of *Guadalupe-Baez v. Pesquera*, 819 F.3d 509 (1st Cir. 2016) is also misplaced.

20.     The case mentioned in the defendant's motion, *Gudalupe-Baez v. Pesequera*, does not hold that the reports proffered are inadmissible.  To the contrary, the language is that the report and the specific facts were sufficient grounds to deny the motion to dismiss and remanded to the District Court.  It's important to note that the opinion starts with, "… [t]he PRPD has a tarnished history of civil rights Violations." *Guadalupe-Baez v. Pesequera*, Id. at 509 (1st Cir. 2016) Indeed the Court made clear that the report gave plaintiff a "leg up" in his complaint, so the document was not excluded. (Id. At 516) In fact on remand the motion for summary judgment was denied using the same documents plaintiffs seek to exclude but somehow cite to the case as precedent for their exclusion. (See Opinion and Order *Guadalupe-Baez v. Pesquera*, Civil No. 13-1529(GAG) August 28, 2017)

21.    The documents can no less be excluded by Figueroa-Sancha who played a role during its drafting then any future Superintendent of the police can try to exclude them.

22.    The analysis to permit the use of relevant evidence requires the Court to examine under a "liberal standard of admissibility." *Id.* at §401.4 (citing *Ferrara & DiMercurio v. St. Paul Mercury Ins. Co.*, 240 F.3d 1, 6 (1ˢᵗ Cir. 2001).  Issue of credibility regarding the proffered evidence "go[es] to its weight, not to its relevance or admissibility." *Id.*  Indeed Fed. R. of Evid. 402 states "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority."

23.    Figueroa-Sancha's participation makes the documents more relevant since they can "make a fact more or less probable than it would be without the evidence" See*, Joseph W. Cotchett, Federal Courtroom Evidence §401.2 (Mathew Bender, 5ᵗʰ Ed.)(*citing Fed. R. Evid. 401*). The evidence proffered to be relevant must either prove or disprove a matter at issue at trial or must "assist the trier of fact in determining [any] facts necessary to its decision{.}" Id.

24.    His testimony regarding the objected to documents "make it more probable that a consequential fact is true." *Id.* at § 401.3 *(*citing *United States v. Mardirosian*, 602 F. 3d 1, 11 (1ˢᵗ Cir. 2010), cert denied, 131 S.Ct. 287 (2010)) His role being the cause of the injury to the plaintiffs makes them relevant and admissible.

25.    All of the documents are admissible as such the motion in limine should be denied.

**The documents sought to be excluded are Public Documents and as such admissible as such.**

26.    Like many public records the same are filled with hearsay but they are none the less admissible.  As set forth in Fed. R. Of Evid. 803(6) Exceptions to the Rule Against Hearsay makes clear:

*"(6) Records of a Regularly Conducted Activity.* A record of an act, event, condition, opinion, or diagnosis if:
**(A)** the record was made at or near the time by — or from information transmitted by — someone with knowledge;
**(B)** the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
**(C)** making the record was a regular practice of that activity;
**(D)** all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; …."

27.     Therefore, not even the argument that the report contains hearsay is improper to establish its exclusion.

28.     The admissibility of the document's depends on whether the document is: (a) relevant; (b) the exhibit is a "memorandum, report, record or data compilation in any form"; (c) the witness is the "custodian"; (d) record was "made by a person with knowledge" of the facts or was "made from information transmitted by a person with knowledge" of the facts; (e) the record was "made at or near the time" of the "acts, events, conditions, opinions, or diagnoses" appearing on it; (f) the record was made as part of "the regular practice of that business activity"; (g) the record was "kept in the course of a regularly conducted business activity." *Id*.   All of these conditions are met in the instant case, with Figueroa-Sancha who was directly involved and has knowledge of the documents.

29.     There is nothing in the rule that requires that the document be signed as dispositive on its admission.   The trial court is vested with broad discretion to determine admissibility of business records, and its ruling may not be disturbed in absence of abuse of discretion.   *U.S. v. Evans*, 572 F.2d 455 (5th Cir. 1978), rehearing denied 576 F.2d 931, certiorari denied 99 S.Ct. 200, 439 U.S. 870, 58 L.Ed.2d 182; see also *U.S. v. Fendley*, 522 F.2d 181 (C.A.5 1975).

30.     All of the documents are also business records and admissible as such.

**The argument to exclude the expert report of Dr. Gaut is solely tied to the admissibility of the documents and so should also be denied.**

31.     The defendants in their argument make a vail argument regarding the expert's methodology but in essence argue that without the documents the report is flawed and thus the opinion inadmissible.

32.     In sum, defendants in limine argument, as before, as to Dr. Gaut must be immediately dismissed because it lacks proper foundation, development and reference to the record. The general statements made by defendants as to Dr. Gaut's opinions and report are not even remotely sufficient to eliminate his extremely relevant testimony. In ruling on this matter, this Honorable Court must also consider that Dr. Gaut undeniably has the expertise to testify as to the subject matter for which he has been announced and that he has been qualified as an expert in his field by other courts in numerous cases.

33.     A fact not even challenged in the Defendant's motion.

34.     There is absolutely nothing wrong or methodologically flawed in this approach.  No argument to the contrary is presented.

35.     Defendant's argument is wrapped in the same argument regarding the admissibility of the aforementioned documents.  As discussed above these documents are clearly admissible, and nothing argued by them questions the reliability of those documents.

**Plaintiffs have never proposed including the settlement agreement as part of their case in chief.**

36.     Plaintiffs have not announced any intent to use the settlement agreement reached during the trial of the instant case.

37.     This effectively moots the arguments the defendants request to have the document excluded.

38.     As for using the same if the need arises for impeachment purposes, that is matter the is clearly not before the court at this time.

39.     The motion in limine is clearly speculative at best.  If a witness indicates, intimates or testifies that the Municipality never settled the instant case or that the Municipality was never involved in the case, then it certainly becomes admissible to impeach that testimony with the settlement agreement.  (See Fed. Rule of Evidence 408(b))

40.     Given that matter is not squarely before the Court and is speculative at best the same should be denied as moot.

**Conclusion**

41.      The arguments raised in the two motions are insufficient to seek the exclusions of the items sought and both should be denied.

**WHEREFORE**, appearing defendant very respectfully requests from this Honorable Court that it DENY the motions in limine at Docket nos. 300 and 301.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this July 23, 2019.

**NOTICE OF ELECTRONIC FILING**

**I HEREBY CERTIFY:**  That on this date, July 23, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**COUNSEL FOR PLAINTIFFS:**

**LANDRÓN & VERA, LLC**
1606 Ave. Ponce De Leon, Suite, 501
Edificio Julio Bogoricin
San Juan, PR 00909
(787)395-7885
email landronvera@hotmail.com

**s/ Luis A. Rodríguez Muñoz**

**LUIS A. RODRÍGUEZ MUÑOZ**

8

USDC-PR 214511
E-mail: lrodriguez@landronvera.com