IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARMEN LIDIA JORGE, *et al.*,<br><br>  **Plaintiffs,**<br><br>  v.<br><br>POLICE DEPARTMENT OF THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>  **Defendants.** | CIVIL NO. 11-2268 (JAG) |

ORDER ON PENDING MOTIONS AND ISSUES ASSERTED IN JOINT PROPOSED
PRETRIAL ORDER

GARCIA GREGORY, D.J.

I.   **Motion *in Limine*, Docket No. 300**

**Granted**. Pursuant to Fed. R. Evid. 408(a), evidence of "furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim" is "not admissible—on behalf of any party—*either to prove or disprove the validity* or amount of a disputed claim *or to impeach by a prior inconsistent statement or a contradiction.*" (emphasis added). However, such evidence is admissible "for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." *Id.*

II.   **Motion *in Limine* as to the USDOJ Report, Public Report by the Independent Monitor, and Executive Order, Docket No. 301**

**Denied**. Defendants argue that the USDOJ Report, Public Report by the Independent Monitor, and Executive Order would be used by Plaintiffs "for the sole purpose of showing causation," but that these documents should be excluded because they were made public after the

events underlying this case occurred and, thus, cannot be used to show that the Supervisor Defendants had actual notice of the history of widespread abuse within the PRPD. Docket No. 301. For the reasons stated below, the Court hereby **DENIES** this request.

First, Defendants' argument goes to the weight of the evidence—an argument that Defendants are at liberty to make to the jury—but does not warrant exclusion of these documents. Defendants do not argue that these documents are irrelevant and "[r]elevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court." Fed. R. Evid. 402. Defendants do not claim that any of these require exclusion of these documents but instead that *Guadalupe-Baez v. Pesquera*, 819 F.3d 509 (1st Cir. 2016), makes them inadmissible. The Court disagrees.

*Guadalupe-Baez* does not address the admissibility of these documents. Rather, it holds that, *at the motion to dismiss stage*, the plaintiff's allegations—combined with the USDOJ Report—sufficiently stated a plausible supervisory liability claim. *Id.* at 516. In reaching this decision, the First Circuit found that, because the supervisor defendant became Superintendent of the PRPD after the USDOJ Report became public and held that office at the time of the incident underlying the claim, the USDOJ Report put him on actual notice of a substantial risk of serious harm if he allowed the pattern described in the report to continue. *Id.* at 516-17.

However, *Guadalupe-Baez* at no point precludes the admissibility of the USDOJ Report in cases involving events that occurred prior to its release. While Defendants could argue to the jury that the report did not provide actual notice because it was released after the events at issue in this case, Plaintiffs could still argue that the USDOJ Report's findings support the conclusion that

co-Defendant Figueroa-Sancha—who was Superintendent of the PRPD during the time period evaluated in the report—had constructive notice, or should have known, about "the pattern and practice of excessive use of force" within the PRPD and that his inaction constituted deliberate indifference. Once again, Defendants can challenge such an argument at trial but they have not presented any legal authority that supports exclusion of these documents.

### III.    Motion *in Limine* as to Dr. Gaut's Expert Report, Docket No. 301

**Denied**. Defendants also seek exclusion of Dr. Gaut's expert report because its conclusions are based on the USDOJ Report, which they argue is inadmissible pursuant to *Guadalupe-Baez*. Because the Court rejected Defendants' arguments as to the inadmissibility of the USDOJ Report, it similarly rejects Defendants' request for exclusion of this expert report based on these grounds.

### IV.    Article 1802 Statute of Limitations

In the Joint Proposed Pretrial Order, Defendants argue that co-Plaintiff Carmen Lidia Jorge's tort claims under Article 1802 against co-Defendants Galarza-Soto and Ortiz-Cruz are time-barred. Docket No. 302 at 62-66. The Court disagrees.

"[T]he filing of a judicial action against one solidarily liable defendant tolls the statute as to all defendants solidarily liable with the first." *Rodriguez v. Suzuki Motor Corp.*, 570 F.3d 402, 414 (1st Cir. 2009). Because "joint tortfeasors are solidarily liable," *id.* at 410 (quotation marks and citations omitted), the filing of the present action tolled the applicable one-year statute of limitations as to co-Defendants Galarza-Soto and Ortiz-Cruz. *See also id.* at 407 ("When a plaintiff tolls the statute of limitations by bringing an action before the courts, the mere filing of the complaint has a tolling effect, rather than service of the summons.") (quotation marks and

Civil No. 11-2268 (JAG)                                                                                    4

citations omitted). The statute of limitations would not begin to run anew until this "action came to a definite end." *Id*. at 407.

For this reason, the Court hereby **DENIES** Defendants' statute of limitations defense and, thus, **PRECLUDES** this defense from consideration at trial.

V.    *Heck* **Defense**

In the Joint Proposed Pretrial Order, Defendants renew their argument that co-Plaintiff Emmanuel Fernandez-Jorge's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Docket No. 302 at 12-13, 48-50. The Court has already considered and rejected this defense, and Defendants have not shown that this ruling should be revisited. *See* Civ. No. 14-1590, Docket No. 106 at 9-12; *Fernandez-Jorge v. Galarza-Soto*, 2017 WL 2534126, at *5-6 (D.P.R. June 12, 2017).

Fernandez-Jorge pled guilty to aiding and abetting in the commission of several violations of the Puerto Rico Weapons Act, as well as aiding and abetting in resistance and obstruction of public authority. Civ. No. 14-1590, Docket Nos. 80-1 at 21-38, 80-2 at 2, 80-3 at 2. However, the record contains no evidence that Fernandez-Jorge made an allocution admitting any specific facts, that he agreed with a statement of facts submitted with a plea agreement, or that the Court made any factual findings when accepting his guilty plea. "No part of Fernández's juvenile proceedings suggested he was in possession of a weapon. Thus, if Fernández proves the force exercised by [Defendants] was excessive, it would not undermine the constitutionality of Fernández's juvenile proceedings." *Fernandez-Jorge*, 2017 WL 2534126, at *6. Fernandez-Jorge was not charged nor did he admit to "*personally* possess[ing] a weapon on December 31, 2010 [or] *personally* fir[ing] at police officers." *Id*. "Accordingly, the facts of the juvenile offense, which was an accomplice charge, do

not conflict with the facts supporting Fernández's 1983 claims. Since proving the 1983 claims would not even call the juvenile offense into question, much less invalidate the conviction, *Heck* does not bar Fernández's damages claims." *Id.*

Thus, the Court hereby **DENIES** Defendants' *Heck* defense and, thus, **PRECLUDES** this defense from consideration at trial.

## VI.  Records of Juvenile Proceedings

Defendant wishes to introduce into evidence the records of Fernandez-Jorge's juvenile proceedings. Docket No. 302 at 86. The Court finds that Fed. R. Evid. 403 warrants exclusion of these juvenile records because their probative value is substantially outweighed by a danger of unfair prejudice and jury confusion. The records, including Fernandez-Jorge's plea of guilty, could

> be taken by the jury to indicate that the force the police used was necessary, when in fact the conviction might have been based on a minimum amount of force used by the plaintiff. Since the jury would be able to hear all of the first hand evidence relating to whether the force used by the police was reasonable, the value of introducing the conclusion of a prior fact finder [is] considered substantially less weighty than the potential unfair prejudice it might cause.

*Diaz v. Cianci*, 737 F.2d 138, 139 (1st Cir. 1984).[1] Because the Parties can bring forth witnesses to provide first-hand accounts of the events at issue here, the risk of unfair prejudice and confusion warrants exclusion.

---

[1] The Court also notes that Puerto Rico law "contemplates extensive confidentiality and severely restricts access to" juvenile records, *United States v. Gonzalez-Arimont*, 268 F.3d 8, 14 (1st Cir. 2001); and "evidence adduced in the adjudicative phase before the Minors' Court may not be produced as evidence against the minor in a court of competent jurisdiction, unless the Minor's Court has waived jurisdiction," P.R. Laws Ann. tit. 34, § 2209. Moreover, dispositive decrees in juvenile proceedings are extinguished, or cease, "(a) [w]hen the maximum term provided by law has expired, . . . (b) when the minor attains twenty-one (21) years of age; [or] (c) when he has been rehabilitated." P.R. Laws Ann. tit. 34, § 2228.

Civil No. 11-2268 (JAG)                                                                                          6

**VII.     Previously Adjudicated Claims and Arguments**

The Court further reminds the Parties that any and all claims previously dismissed,[2] as well

as any arguments previously rejected by this Court—including those addressed in this Order—

shall not be available at trial. Thus, the Parties are **PRECLUDED** from raising these issues at trial.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 6th day of February, 2020.

<u>s/ Jay A. Garcia-Gregory</u>
JAY A. GARCIA-GREGORY
United States District Judge

---

[2] These include co-Plaintiff Carmen Lidia Jorge's section 1983 claim brought on her behalf; all claims for money damages against Defendants in their official capacities; and all Fifth Amendment claims. Docket No. 66.