## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARMEN LIDIA JORGE, et. al., | |
| Plaintiffs | CIVIL NO. 11-2268 (JAG) |
| v. | Consolidated with |
| POLICE DEPARTMENT OF THE COMMONWEALTH OF PUERTO RICO et. al., | CIVIL NO. 14-1590(GAG) |
| EMMANUEL FERNANEZ JORGE et. al., | |
| Plaintiffs | |
| v. | |
| SERGEANT GALARZA-SOTO, & ORTIZ CRUZ | |

## MOTION FOR RECONSIDERATION THE COURT'S ORDER AT ECF. NO. 315[1]

### TO THE HONORABLE JAY A. GARCÍA-GREGORY, J:

COME NOW co-defendants José Figueroa-Sancha, Leovigildo Vázquez, Iván Lebrón-Lebrón, Julio E. Galarza Soto, and Juan Carlos Ortiz-Cruz (hereinafter the "defendants"), all in their personal capacities only, through the undersigned attorney, without waving any right or defense arising from Title III of Puerto Rico Oversight, Management and Economic Stability Act" ("PROMESA"), 48 U.S.C. §§ 2101 *et seq*., and the Commonwealth's Petition under said Title or under this case, and very respectfully **SET FORTH** and **PRAY** as follows:

### I. INTRODUCTION

1.      On June 13th and 15th 2019, the defendants filed two motions in limine (*See* Docket No. 300 and 301).

---

[1] . The Defendants are aware of the judgment issued by the Court staying the present case at Dkt. No. 319. However, the order issued by the Court at Dkt. No. 315 had two determinations, which Defendants believe warrants the right of reconsideration. The Defendants did not find a case on point that allows them to file this motion outside the time established in the Rules. In order to preserve Defendants' rights the undersigned file the present motion.

2.      In the motion in limine filed on June 13th, 2019 (*See* Docket No. 300), the defendants requested the issuance of an order to forbid plaintiffs from introducing into evidence the settlement agreement between the Municipality and the plaintiffs. Likewise, it was requested to this Court, to prevent the use of the settlement agreement for any other purpose.

3.      In addition, in the second motion in limine (*see* Docket no. 301) filed on June 15th, 2019, the defendants requested an order to forbid plaintiffs from introducing into evidence the USDOJ' Report (**"USDOJ Report"**), the Public Report by the Independent Monitor, Fortuño's Executive Order (**"Executive Order"**), and Dr. Gaut's Expert Report, (**"Dr. Gaut's Report"**) (hereinafter collectively the **"Reports"**).

4.      On February 6th, 2020 this Court issued an Order on pending motions and some issues asserted in the Joint Proposed Pretrial Order (*See* Docket No. 315). On the referred order, this Court granted the motion in limine filed on June 13th,2019 (*see* Docket No. 300); while it denied the motion in limine filed on June 15th, 2019.

5.       Specifically, this Court denied the defendants' request related to the admissibility of the Reports.

6.      The court understood, in Defendants' opinion incorrectly, that the discussion, as presented by the defendant in the second motion in limine filed of June 15th, 2019 was related to the weight of evidence and not to the admissibility of the Reports per se. Also, this Honorable court understood that the tort claims under Article 1802 filed by the co-plaintiff Carmen Lydia Jorge (hereinafter "**the plaintiff**" or **"Lidia-Jorge"**) in the sister styled case *Fernández Jorge v. Sergeant Galarza-Soto & Ortiz Cruz*, civil no. **14-1590** (GA), was not tolled as to the applicable one-year statute of limitations regarding the two co-Defendants named therein.

7.    According with the aforesaid order (See Docket No. 315) this Court determined that "the filing of a judicial action against one solidarily liable defendant tolls the statute as to all defendants solidarily liable with the first". *Rodriguez v. Suzuki Motor Corp.*, 570 F.3d 402, 414 (1st Cir. 2009). According to the Court, this is so because "joint tortfeasors are solidarily liable," *Id*., at 410.

8.    In other words, the Court understood that the filing of the co-plaintiff's action (i.e., Lidia-Jorge on behalf of her son Emanuel Fernández Jorge) tolled the applicable one-year statute of limitations (i.e. prescription period) as to co-defendants Galarza-Soto and Ortiz-Cruz. (*See* docket no. 315, Part IV page 3).

9.    Likewise, this Court concluded that "[w]hen a plaintiff tolls the statute of limitations by bringing an action before the courts, the mere filing of the complaint has a tolling effect, rather than service of the summons. The statute of limitations would not begin to run anew until this "action came to a definite end." *(See Docket No. 315* Part IV page 3).

10.   In consideration of the arguments set forth below, the Defendants respectfully request that this Court should reconsider both of its determinations in its order (*See* Docket No. 315).

## II. APPLICABLE LAW AND ANALYSIS

A.    <u>Legal standard for motion for reconsideration</u>

11.   Motions for reconsideration are generally considered either under Fed.R.Civ.P. 59 or Rule 60, depending on the time such a motion is served. *Perez–Perez v. Popular Leasing Rental, Inc.,* 993 F.2d 281, 284 (1st Cir., 1993). Whether under Rule 59 or Rule 60, a motion for reconsideration cannot be used as a vehicle to re-litigate and/or rehash matters already litigated

and decided by the Court. *Standard Quimica De Venezuela v. Central Hispano International, Inc.,* 189 F.R.D. 202, n. 4 (D.P.R., 1999).

12.     These motions are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in law. *See Rivera  Surillo & Co. v. Falconer Glass Indus., Inc.,* 37 F.3d 25, 29 (1st Cir., 1994) *citing F.D.I.C. v. World University, Inc.* 978 F.2d 10, 16 (1st Cir., 1992); *Cherena v. Coors Brewing Co.* 20 F.Supp.2d 282, 286 (D.P.R., 1998); *see also National Metal Finishing Com. v. Barclaysn American/Commercial, Inc.,* 899 F.2d 119, 124 (1st Cir., 1990).

13.     Hence, this vehicle may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier". *Id.* at 123. See also, *Waye v. First Citizen's National Bank,* 846 F.Supp. 310, 314 n. 3 (M.D.Pa., 1994) (a motion for reconsideration is unavailable if it simply brings a point of disagreement between the court and the litigant, or to reargue matters already properly prior thereto disposed).

14.     The Federal Rules of Civil Procedure do not specifically provide for the filing of motions for reconsideration. *Sierra Club v. Tri–State Generation and Transmission Assoc., Inc.,* 173 F.R.D. 275, 287 (D.Colo.1997); *Hatfield v. Board of County Comm'rs for Converse County,* 52 F.3d 858, 861 (10th Cir., 1995). Notwithstanding, any motion seeking the reconsideration of a judgment or order is considered as a motion to alter or amend a judgment under Fed.R.Civ.P. 59(e) if it seeks to change the order or judgment issued. *Id.*

15.     Further, although Rule 59(e) refers to judgments, i.e rulings that are appealable, Rule 59(e)'s legal standards will be applied to motions for reconsideration of interlocutory orders. *Waye v. First Citizen's National Bank,* 846 F. Supp. 310 (request for reconsideration of

an interlocutory order denying plaintiff's motion for a default judgment); *Atlantic States Legal Foundation v. Karg Bros. Inc.,* 841 F. Supp. 51, 55 (N.D.N.Y., 1993) (motion for reconsideration of an order granting in part and denying in part a motion for summary judgment); *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D 99 (E.D.Va.1983) (motion for reconsideration of order denying motion to dismiss).

16.     Defendants file the present motion for the Court to reconsider its order at ECF No. 315, whereby the Court denied Motion in Limine filed on June 15th, 2020 (*see* Docket No. 301). Particularly, the defendants request that this court reconsider its determination that plaintiff's action is toll by the applicable one-year statute of limitations. Furthermore, the defendants request that this Court reconsider its determinations that allow the plaintiffs to use the Reports as evidence.

B.     Prescription or statute of limitations is of substantive nature, governed by Article 1802 of Puerto Rico Civil Code.

17.     As indicated above, this court understood that *Rodriguez v. Suzuki Motor Corp., supra,* is *still good law*, when in fact is not. Today, the issues related to "joint tortfeasors" and the "statute of limitation" is controlled by the case *Fraguada Bonilla v. Hosp. Auxilio Mutuo* 186 DPR 365 (2012).

18.     In *Fraguada*, supra, the Puerto Rico Supreme Court (hereinafter the **"Supreme Court"**) reexamined the existing doctrine originally set forth in the case of *Arroyo v. Hosp. la Concepción* 130 DPR 596 (1992). In *Arroyo*, supra, it was established the automatic and indefinite interruption of the prescriptive term against all the joint tortfeasors that were not named or made part of the original lawsuit. This was the doctrine that the First Circuit adopted in the case *Rodriguez v. Suzuki Motor Corp.*, *supra*, and upon which this Court based its determination in the present case.

19.     The doctrine adopted in *Arroyo v. Hosp. la Concepción, supra,* by the Supreme Court, basically established that the plaintiff might bring another defendant to the lawsuit -even though the claim is outside the prescriptive term. In fact, even if the plaintiff has knowledge in advance of the identity of the joint tortfeasor, he does not have to include it the original lawsuit.

20.     However, under *Fraguada, supra,* the Puerto Rico Supreme Court concluded that the doctrine incorporated in *Arroyo* created an unnecessary unbalance in favor of the plaintiff. *Fraguada, supra, at p. 388.* As result, the existing doctrine under *Arroyo* has the effect of undermining the institution of the prescription, because the plaintiff had the eternal right to claim against another for tort damages. Such doctrine had the unfortunate effect of rewarding inertia in the vindication of a right and promoting the strategic use of inaction, given that the plaintiff may select at his discretion the time that is most appropriate for him to include a party to the litigation *Id. p.* 389.

21.     In *Fraguada*, *supra*, the Supreme Court adopted what is known in Civil Law as the obligation ***in solidum*** regarding causes of action in torts pursuant to article 1802 of the Puerto Rico Civil Code, 31 LPRA sec. 5141, involving joint tortfeasors. According to the cognitive theory of torts, the prescriptive term begins to run when the plaintiff knew or should have known that: he suffered damages, knows the identity of who caused it and, the necessary elements to effectively exercise his cause of action. *Fraguada, supra,* at p. 388.

22.     However, The Puerto Rico Supreme Court have repeatedly expressed that "if the ignorance is due to lack of diligence, then these prescription considerations are not applicable". *Id.*   Specifically, the theory of obligation *in solidum*, **states that the sole filing of a lawsuit against one of the parties does not toll the prescription period for the rest of the defendants.**

23.     In *Fraguada,* supra, the plaintiffs filed a lawsuit and served the summons against the hospital, and a doctor. Also, they included other unidentified parties as John Doe and Richard Roe. The plaintiffs alleged that the defendants were joint tortfeasors. Eventually, the plaintiffs amended the complaint to included allegations against a new defendant.

24.     Although, the plaintiff did amend its complaint, he did so six (6) years after the original lawsuit was filed. This new defendant--another doctor--alleged that the plaintiff had knowledge of his identity and knew of his alleged participation in the events of the lawsuit and that such delay constituted a gross lack of diligence of the plaintiff in exercising his cause of action, so the complaint against him should be dismissed as time barred.

25.     In *Fraguada*, the Supreme Court stated that the prescription is an institution that extinguishes a right by the inertia of a party to exercise it for a certain period. In the Commonwealth the prescriptive period of actions in tort is one year, as provided by Article 1868 of the Civil Code, 31 LPRA sec. 5298. Furthermore, the Supreme Court had explained consistently that the statute of limitations is a ***substantive and non-procedural nature***, which is ***governed*** by the principles of ***Puerto Rico Civil Code***. *Fraguada***,** *supra***,** at p.374**.**

26.     The prescriptive terms seek to punish inertia and stimulate the rapid exercise of actions. *Fraguada, supra,* at p. 375. Its objective is to promote security in legal traffic and the stability of legal relations. *Id*.

27.     Its existence responds to a firmly established policy for the expeditious resolution of claims. *Fraguada, supra, p.375.* This avoids the surprises generated by the resuscitation of old claims; and the inevitable consequences of the passage of time like the loss of evidence, inaccurate memory of the witnesses, and the difficulty finding witnesses. *Fraguada, supra, p. 375.*

28.     As is well known, obligations arising from fault or negligence are governed by the provisions of Article 1802 of the Civil Code, 31 LPRA sec. 5141, which states that "a person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done. Concurrent imprudence of the party aggrieved does not exempt from liability but entails a reduction of the indemnity." In addition, a cause of action under article 1802 accrues when the injured party *knew or should have known* of the injury and of the *likely identity of the tortfeasor*. *See Tokyo Marine and Fire Insurance Co. LTD v. Perez & CIA de Puerto Rico, Inc*., 142 F.3d 1 (1998).

29.     Pursuant to Article 1873 of the Puerto Rico Civil Code, 31 LPRA sec. 5303, a plaintiff can interrupt the prescriptive period in one of three ways. "Prescription of actions is interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor." 31 P.R. Laws Ann. § 5303 (Lexis Pub.1998); *see also Tokyo Marine, supra, at 4.*

30.     In the present case, the record shows that plaintiff, Lidia Jorge, knew since the filing of the complaint on behalf of her son on December 30th, 2011 the identities of the two co-defendants Ortiz-Cruz and Galarza-Soto, at the time she filed the complaint on her son's behalf back in 2011. When *Lidia-Jorge filed* the complaint on behalf of her son in 2011, she named both Co-Defendants, Ortiz-Cruz and Galarza-Soto, in the complaint. However, she *failed* to serve either one of them. (*See* Docket No. 1)

31.     Nevertheless, is not until *Lidia-Jorge filed* her own complaint in the sister case styled *Fernández-Jorge v. Galarza-Soto*, 14-1590 (GAG) on July 31, 2014, *more than two years* after the 2011 case was filed that she named and served the Co-Defendants Ortiz-Cruz and Galarza-Soto.

32.     Despite knowing *the identities* of the two defendants, Ortiz-Cruz and Galarza-Soto, back in 2011 (See Dkt. 1), it was not until 2014, when she filed her own complaint, that she included them and served them with process. Hence, per *Fraguada*, *supra*, plaintiff Lidia-Jorge's cause of action for damages under Civil Code article 1802 against Ortiz-Cruz and Galarza-Soto is time-barred, because she had the obligation to file her complaint within the one-year statute of limitation and she failed to do so.

C.     Inadmissibility of Dr. Gaut's Report and the USDOJ Report as a result of undue prejudice.

33.     Defendants respectfully argue that this Honorable Court incorrectly determined that defendants' argument related to Dr. Gaut's report and USDOJ's report goes to the weight of the evidence, instead of the admissibility. Also, the Court determined that the defendants do not argued that these Reports are irrelevant, and "[r]elevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court." Fed. R. Evid. 402. Further, the Court went to say that defendants did not argue that any of the Reports should be excluded pursuant to the Constitution, a federal law or regulation.

34.     The court dispatched this controversy stating that Defendants can challenge such an argument at trial, but they have not presented any legal authority that supports exclusion of these Reports. (*See* Docket 315 Part II, page. 2).

35.     Defendants' position is not hinged on relevancy, but that these Reports cause undue prejudice to them, and its mere existence or their content ***should never*** be mentioned before the juries. Nothing in these reports establish that the supervisors should have known that the subordinate, Ortiz-Cruz, posed a "grave risk" of violence toward civilians.

36.     The reason for our petition to request the exclusion of the Report is that the prejudice that they will cause is much more severe than the probative value that such Reports might have. In fact, the Defendant reiterate their prior position that the Reports themselves are inadmissible to prove any inadequate training or systematic pattern of violations of constitutional rights by members of the Puerto Rico Police Department pursuant to *Guadalupe Baéz v. Pesquera,* 819 F.3d 509 (1st. Cir 2016).

37.     Per the holding in *Guadalupe-Baez*, *supra*, the plaintiffs' plan is to use these Reports for the sole purpose of showing **causation**, by showing the inaction in the face of *"known history of widespread abuse sufficient to alert supervisor of ongoing violations" Id.,* at 515. In other words, the foregoing Reports will be presented to the jury for the purpose of showing that the supervisor Defendants in the instant case were **on notice** of the alleged violations, thus establishing causation, which is one of the requisite elements of supervisory liability. Its bears noting that the appeal in *Guadalupe-Baez* was, unlike in the present case, at a motion to dismiss stage, which does not require to establish the case, but to satisfy the plausible pleading requirements.

38.     Supervisory liability claim under section 1983 has two elements: (1) the plaintiff must show that one of the supervisor's subordinates abridged the plaintiff's constitutional rights; and (2) the plaintiff must show that the supervisor's action or inaction was affirmatively linked to that behavior in the sense that it could be characterized as supervisory encouragement, condonation, or acquiescence or gross negligence amounting to deliberate indifference. 42 U.S.C.A. sec. 1983. In other words, "[a] supervisory official may be found liable under 42 U.S.C. § 1983 for actions of his own that result in violations of constitutional rights by a subordinate. *Camilo-Robles v. Hoyos*,151 F.3d 1, 6-7 (1st Cir. 1998). A supervisor 'may be

liable for the foreseeable consequences of such conduct if he would have known of it but for his deliberate indifference or willful blindness.' *Maldonado-Denis v. Castillo-Rodríguez*, 23 F.3d 576, 582 (1st Cir. 1994)." *Ramirez-Lluveras v. Rivera-Merced*, 759 F.3d 10, 26 (1st Cir. 2014)

39.     The First Circuit's case law has clarified that for supervisory liability to attach it is not required that the supervisor must directly engage in a subordinate's unconstitutional behavior. Nevertheless, the ***supervisor liability must be premised on his own acts or omissions***. *Guadalupe Báez, supra, at* 562 (1st. Cir 1989))

41.     Even admissible relevant evidence may be excluded, "if its probative value is substantially outweighed by a danger of unfair prejudice." <u>Fed. R. Evid. 403</u>. "In balancing the scales of <u>Rule 403</u> it is important to note that only **unfair prejudice** is to be avoided, as by design, all evidence is meant to be prejudicial." *United States v. Morales-Aldahondo*<u>, 524 F.3d 115, 119 (1st Cir. 2008)</u> (internal quotation marks and citation omitted). "Evidence is generally deemed unfairly prejudicial if it has an undue tendency to prompt a decision by the fact finder on an improper basis." *United States v. Benedetti*<u>, 433 F.3d 111, 118 (1st Cir. 2005)</u>.

42.     In this sense, evidence is unfairly prejudicial if it appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or otherwise may cause a jury to base its decision on something other than the established proposition of the case. *Carter v. Hewitt*, 617 D.2d 961, 972 (3d Cir, 1980).

43.     Note that plaintiffs' purpose in using the Reports is to show the inactions of the supervisory Defendants in the face of the alleged known history of widespread abuse described in detailed in the Reports. In other words, plaintiff's intent to use the Reports to show causation, instead of presenting evidence establishing the ***supervisory Defendant***s' own acts or omissions in violation of Plaintiff's colorable rights. That is, the reports do not provide for causation, thus,

establishing a causal connection between the supervisory defendants' alleged act or omission and the constitutional violation.

44.     For these reasons, if the two Reports are allowed, they will undoubtedly mislead the jury, because the jurors will attach to them an undue weight. The Defendants have no doubt that in this particular case the jury will be influenced by the official character of the [Reports], and they will afford to them greater weight than it is owed, *Bright v. Firestone Tire Rubber Co.,* 756 F. 2d. 19, 23 (6th Cir. 1984).  Note that most of the Reports in question in the present case were issued by government agencies. As a matter of fact, the USDOJ Report prompted the Police Reform Case, *USA v. Commonwealth*, civil no: 12-2039(GAG).

45.     While Dr. Gaut's Report is not a government report the entire basis for his conclusions were based on the USDOJ Report. As indicated above, the USDOJ Report should be excluded because the jurors will attach undue weight to an agency's (USDOJ) determination. Likewise, Dr. Gaut's Report should be excluded, because his conclusions are based in the determination contained in the USDOJ Report. Therefore, it should be excluded because it will also mislead the jurors in the same way as the USDOJ report.

46.     There is no evidence showing that supervisory defendants themselves inflicted the harm or that they had **any involvement** in the events leading to the alleged violation. *Maldonado*, 568 F.3d at 274; *Vélez-Díaz v. Vega-Irizarry,* 421 F.3d 71, 79 (1st Cir.2005) (granting qualified immunity where there was no allegation that the government actors were directly involved in the offensive conduct). Liability may not be imposed upon the Supervisory Defendants solely with the benefit of hindsight.  There is no factual evidence showing that Supervisory Defendants through their "own individual actions" were the proximate or legal cause of Plaintiff's injury, by not anticipating the alleged actions in violation of Plaintiffs' rights.

## III. CONCLUSION

46.     This Court shall reconsider its determination of    allowing the continuation of plaintiff Lydia Jorge's lawsuit, since her claim under Art. 1802 of the Civil Code is time barred. As the record shows, Lydia Jorge knew the identities of co-defendant Ortiz-Cruz and Galarza-Soto at the time she filed the 2011 complaint on behalf of her son. Nevertheless, she waited more than two year, until 2014, to file her own claim. In accord with the holding in *Fraguada*, supra, she had the obligation to file her claim within the one-year limitation, otherwise her claim is time barred.

47.     Also, this court should reconsider its determination regarding the admissibility of the two Reports, because Dr. Gaut's and USDOJ's Reports will cause undue prejudice upon the supervisory Defendant. As indicate, plaintiff's intent is to substitute its burden of proof to show causation with the two reports.  However, Plaintiff failed to establish facts that, if proven true, would affirmatively link supervisory defendants own individual actions to the constitutional violation.

48.     As previously discussed for supervisory liability to attach, ***supervisor liability must be premised on his own acts or omissions***. *Guadalupe Báez, supra.* The facts pertaining to causation in the present case are absent in the Reports. However, if the juries are allowed to hear the content of the Reports they will assume that the abuse pattern described therein was well known by all the ranking supervisors in the present case, despite the dearth of evidence as to their own acts or omissions, causing and unfair prejudice upon the supervisory Defendants.

**WHEREFORE** the appearing defendants very respectfully request this Court to GRANT the present motion and consequently determine that plaintiff's Lidia-Jorge cause of action is time bar; and forbid the plaintiffs from introducing into evidence the two Reports.

**IT IS HEREBY CERTIFIED** that on this same date the instant document has been filed with the Court's CM/ECF System, which will simultaneously serve notice on all counsels of record to their respective registered e-mail addresses.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this March 5, 2020

DEVELOPMENT &CONSTRUCTION
LAW GROUP LLC
PMB 443. Suite 112
100 Grand Paseos Blvd.
San Juan PR 00926-5902
Fax.: 888.500.1827
Tel.: 787.948.1025/ 787.908.8606
Email: rburgos@devconlaw.com


S/ RICARDO BURGOS VARGAS
Ricardo Burgos Vargas, Esq.
USDC NO.  218210

S/ ISAÍAS OJEDA GONZÁLEZ
Isaías Ojeda González
USCD NO. 300205